[No. 66604-1. En Banc.]
Argued February 9, 1999. Decided May 27, 1999.

*In the Matter of the Marriage of* LELA L. MOODY, *Respondent,* and HOMER MOODY, JR., *Petitioner.*

*Leslie O. Stomsvik* and *Ahmet Chabuk*, for petitioner.
*Anna M. Laurie*, for respondent.

GUY, C.J. — This is an action to vacate the maintenance provisions of a decree of legal separation. The appellant husband asks us to hold that the couple's reconciliation invalidated the decree and a subsequent agreed order modifying the maintenance award or, alternatively, that the decree should be vacated because it is unfair or because it violates federal law.

We affirm the trial court and Court of Appeals and hold that the reconciliation of a husband and wife does not invalidate a judicial decree of legal separation or other related orders of the court.

## FACTS

Homer and Lela Moody were married August 8, 1989, when he was in his early 60s and she was in her early 50s. Prior to the marriage Lela was living in Georgia and was self-sufficient. She moved to her new husband's home in Washington shortly after the marriage. The parties separated on November 1, 1990, after approximately 15 months together.

Lela filed a petition for dissolution of the marriage on November 20, 1990, and returned to Georgia. The Moodys entered into a property settlement/maintenance agreement, which provides in pertinent part:

### VII.

#### Findings and Decree

If a Decree of Dissolution or Legal Separation is applied for, this Property Settlement Agreement shall be embodied within any such Decree which may ultimately issue with respect to this marriage. Findings of Fact, Conclusions of Law and Decree shall be subject to Court approval and approval as to form by husband's attorney, which approval shall not be unreasonably withheld.

Notwithstanding that the provisions of this Agreement may be included and merged into a Decree of Dissolution or Legal

Separation, if one is obtained, it is also the intention of the parties to this Agreement that this Agreement retains its status independently as a contract between the parties, each spouse to enforce his or her rights as they arise from this Agreement by contract of law . . . .

. . . .

## X.
### Legal Representation

Each party to this Agreement does hereto stipulate with the other that he or she has been represented or had the opportunity to be represented in negotiations for and the preparation of this Agreement by counsel of his or her own choosing, to wit: PAULA T. CRANE, of Smith, O'Hare & Crane, for the wife. The husband has had the opportunity to have this document reviewed by the counsel of his choice. The parties represent that they have read this Agreement and have endeavored to have all questions concerning it answered prior to signing it.

. . . .

## XIX.
### Maintenance of Spouse

Husband agrees to pay wife the sum of $650.00 per month, paid on the 10th day of each month, as and for spousal support and maintenance until the Wife's 62nd birthday, at which time all obligation for spousal maintenance shall terminate; provided however that spousal maintenance shall not cease on her remarriage, if any. . . .

## XX.
### Life Insurance

Husband shall name Wife sole beneficiary on his Federal Employees Group Life Insurance policy . . . .

Clerk's Papers at 14-20.

As part of the property settlement, the agreement also

awarded Lela $10,000 at the time of signing the agreement and $15,000, in three payments of $5,000 over a three-year period; a $7,000 debt owed by her daughter, a 1988 car, her widow's insurance benefits from her former husband, and personal effects. Homer was awarded his residence, a real estate contract that he owned from the sale of an apartment complex, his retirement benefits, a 1986 car, a 1972 truck and his personal effects.

Both parties signed and acknowledged the agreement (Lela in December 1990 and Homer in February 1991). Apparently because the parties believed that reconciliation was possible, they did not proceed with the dissolution but, instead, on February 22, 1991, agreed to the entry of a decree of legal separation. Both the decree and the findings of fact and conclusions of law incorporate and ratify the property settlement agreement of the parties. Homer signed the findings of fact and conclusions of law and the decree, appearing pro se. He also signed an "Acknowledgement of Advice of Right to Consult With Independent Counsel Re: Findings & Conclusion and Decree of Legal Separation."

At the hearing on the entry of the findings and decree, Lela did not appear but was represented by her attorney. Homer appeared pro se and testified that he understood that Lela's attorney did not represent him and that he had the right to consult with separate counsel. He also testified that he believed the property settlement was fair and equitable.

The parties reconciled in March 1991 for a brief time and then reconciled again a year later. Lela moved back into Homer's home in June 1992. During this time, Homer did not make maintenance payments to Lela and payments for the time they were together are not sought by Lela.

In September 1993, the parties agreed to modify the maintenance provisions of the decree of legal separation. The factual basis for the modification agreement is not stated in the record on review. An agreed order modifying the maintenance was entered September 10, 1993, extend-

ing the time for the monthly payments from Lela's 62nd to her 65th birthday, and providing for two additional maintenance payments of $10,000 in October 1993, and $50,000 in June 2000, when Homer expects to receive a balloon payment on a real estate contract.

Lela left Homer again in April 1995 and returned to Georgia. No motion has been made to convert the parties' decree of legal separation into a decree of dissolution pursuant to RCW 26.09.150. In November 1995, Homer filed a "motion to stay the finalization of dissolution, to vacate and to re-open the property settlement and maintenance agreements." In his motion, Homer argued that (1) the settlement agreement and agreed order modifying maintenance should be declared invalid because he did not have independent legal advice when he executed the agreement, (2) the 1993 modification of the maintenance was invalid because it was not supported by additional consideration, and (3) the property settlement agreement was invalid because Homer and Lela reconciled after it was signed.

The court commissioner denied the motion, ruling the motion was not made within a reasonable time. The commissioner also found no basis to warrant reopening of either the property settlement or the maintenance provisions, particularly as the existing maintenance obligation was prospective only and Homer had the statutory right to petition for modification.[1]

Homer then filed a motion for revision by a superior court judge, pursuant to CR 53.2(e) and RCW 2.24.050. In the revision proceeding, Homer attempted to raise new issues and offer new evidence, claiming fraud on the part of Lela and her attorney and illegality of the decree of legal separation and property settlement agreement. The superior court judge refused to permit the additional evidence and refused to consider the new issues, holding that review on a motion for revision was limited to review on

---

[1]With respect to the motion for stay, the commissioner ruled the motion untimely as no motion to convert the decree of legal separation to a dissolution decree had been made.

the existing record. The superior court judge then agreed with the court commissioner and denied the motion.

Homer appealed. The commissioner of the Court of Appeals affirmed on a motion on the merits, and Homer's motion to modify that ruling was denied by the Court of Appeals. Homer then petitioned for review, and we granted the petition.

## ISSUES

1. Does reconciliation of a husband and wife following the entry of a decree of legal separation invalidate the decree and the property settlement agreement incorporated into the decree?

2. Did the superior court judge apply the proper scope of review to the motion for revision of the court commissioner's ruling?

3. Were attorney fees properly awarded to the wife by the superior court and Court of Appeals, and should they be awarded by this court?

## DISCUSSION

Homer Moody asks this court to vacate the maintenance portions of the orders entered in this action. He also asks the court to reverse all awards of attorney fees made in favor of Lela Moody or her attorney.

█ Although the dissolution of marriage act creates an avenue for modifying spousal maintenance awards, RCW 26.09.170(1), Homer has not petitioned for modification under the statute. Instead, he moved "to vacate and to reopen" the property settlement and maintenance agreements. The superior court commissioner who heard the motion properly treated it as a motion for relief from judgment under CR 60(b).[2] The commissioner denied the motion after concluding that it was not filed within a reason-

---

[2]CR 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or

able time and that, even if it had been timely filed, Homer demonstrated no grounds for relief under CR 60(b)(11), and had not made any allegations of fraud or misrepresentation that would permit relief under CR 60(b)(4). It was not until his motion for revision that Homer alleged the agreements and orders were the result of fraud or misrepresentation and that the orders and agreements violated federal law.

In this court, Homer argues that the decree and agreements are invalid because (1) the parties reconciled; (2) he did not have adequate legal representation during the proceedings and the provisions of the agreements and court orders are unfair; and (3) the provision with respect to his life insurance policy violates federal law.

■ Marriage dissolution is a statutory proceeding and the jurisdiction and authority of the courts is prescribed by the applicable statute, the dissolution of marriage act, RCW 26.09. *In re Marriage of Little*, 96 Wn.2d 183, 197, 634 P.2d 498 (1981); *Farver v. Department of Retirement Sys.*, 29 Wn. App. 138, 149, 629 P.2d 903 (1981), *aff'd*, 97 Wn.2d 344, 644 P.2d 1149 (1982). Legal separation proceedings in Washington are governed by the dissolution statute. In a decree of legal separation, the court does not dissolve the marriage. However, all other relief granted in a decree of dissolution, such as spousal maintenance and disposition of property and debts, can be granted in the decree. RCW 26.09.050(1). *See generally* 1 WASHINGTON STATE BAR ASS'N,

---

his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time . . . .

WASHINGTON FAMILY LAW DESKBOOK §§ 15.11(1), 22.5(1) (1989 & Supp. 1996); 21 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 46.2, at 43-44 (1997).

■■ A decree of legal separation is final when entered, subject to the right of appeal. RCW 26.09.150. It is not an interlocutory order, and it is not the equivalent of a common law order for separate maintenance. *See* 1 HOMER H. CLARK, JR., THE LAW OF DOMESTIC RELATIONS IN THE UNITED STATES § 7.4, at 458 (2d ed. 1987). Either party may move to convert the decree of legal separation to a decree of dissolution after six months have passed from the entry of the initial decree.[3] RCW 26.09.150. The spousal maintenance provisions of the decree may generally be modified prospectively upon a showing of substantial change in circumstances. RCW 26.09.170(1). However, the decree's provisions as to property disposition may not be revoked or modified, unless the trial court finds the existence of conditions that justify the reopening of a judgment under the laws of Washington. RCW 26.09.170(1).

Homer argues that his reconciliation with Lela, on its own, invalidated the decree and the property settlement agreement. In support of his position he cites *Logan v. Logan*, 141 Wash. 62, 250 P. 641 (1926), and *Smith v. Smith*, 148 Wash. 457, 269 P. 821 (1928).

In *Logan* the parties, who were married in 1881, entered into a separation agreement dividing their property in 1910. Although a divorce action was begun, it was never pursued and eventually was abandoned. The couple reconciled six years later and lived together another nine years before filing a second action for divorce. The husband argued that the property division set forth in the 1910 agreement was binding on the trial court. This court dis-

---

[3]There are a number of reasons why married couples decide to petition for legal separation rather than dissolution. These could include religious concerns, emotional unpreparedness for dissolution, and financial considerations such as continuation of employment or social security benefits. *See generally* 21 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 46.2, at 43 (1997); 1 WASHINGTON STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 22.5(2) (1989).

agreed and held that the trial court had authority to make a division of all the property of the parties—both separate and community—that was before the court at the time of trial in the divorce action. *Logan* does not support Homer's argument.

The divorce law in effect when *Smith* was decided required proof of a cause, or fault, before a divorce would be granted. LAWS OF 1921, ch. 109, § 1. If a husband or wife proved one of the statutory grounds for divorce, the trial court entered an interlocutory order that could later serve as the basis for a final divorce decree. LAWS OF 1921, ch. 109, § 2. In *Smith*, the wife was granted an interlocutory decree in May 1923. She and the husband resumed living together the following month, and continued to live together off and on for the next three years. In 1927, the husband, ex parte, moved for and was granted a final decree of divorce, based on the interlocutory order. The wife's motion to vacate was granted and this court affirmed, holding the parties were estopped, by the resumption of the marital relationship, from using the interlocutory decree as a basis for the final decree. *Smith*, 148 Wash. at 466-67. The parties' actions did not "invalidate" the court's order.

Homer's argument on this issue is premised on his assumption that a decree of legal separation under RCW 26.09 is the equivalent of, or similar to, an interlocutory decree under the former divorce statute, and that a reconciliation has the same effect on a decree of legal separation as it did on an interlocutory decree. Because the statutes are not similar in this respect, the authorities on which Homer relies are not applicable.

■ The marriage dissolution act does not require the parties to be separated in order to file a petition for dissolution or legal separation. RCW 26.09.020(1)(d) (stating the information that must be included within the petition, including "*[i]f* the parties are separated the date on which the separation occurred" (emphasis added)). The only "ground" for dissolution that need be alleged is that the marriage is irretrievably broken. RCW 26.09.030. If the

petitioner for dissolution requests the court to enter a decree of legal separation in lieu of dissolution, the court must enter the decree in that form, unless the other party objects and files a petition for dissolution. RCW 26.09-.030(4). Unlike the interlocutory order granted under the older statute, a decree of legal separation is a final order which may or may not be converted into a decree of dissolution at some point simply upon the request of either party. RCW 26.09.150.

■ The statute recognizes that circumstances of the parties may change after the entry of the decree, justifying a change in future obligations, such as spousal maintenance payments. For that reason, the statute authorizes modification of future spousal maintenance payments, upon a petition for modification and showing that there has been a substantial change in circumstances. RCW 26.09.170(1).[4] Homer has not moved for modification under the statute and has not attempted to meet the requirements for modification. Reconciliation of the parties would be a factor to consider in determining whether there has been a change in circumstances justifying a modification of spousal maintenance, or in any action to enforce the maintenance award. It also may be a factor to consider in determining whether a motion to vacate a maintenance order is brought within a reasonable time. However, a reconciliation of the parties, on its own, does not invalidate a decree of legal separation in Washington. *See, e.g.,* 21 WEBER, *supra,* § 46.31, at 66 (resumption of cohabitation following the entry of a decree of legal separation has no more effect upon the continued validity of the decree and its provisions than if previously married persons resume cohabitation after their marriage has been dissolved); 1 CLARK, *supra,* § 7.4, at 458 (where the decree is for legal separation, the reconciliation does

---

[4]Under RCW 26.09.170(2), the obligation to pay future maintenance ceases, by operation of law, upon the death of either party or the remarriage of the party receiving maintenance, unless the parties otherwise agree in writing or unless it is expressly provided in the decree. In this case, the parties agreed that the maintenance provisions will not terminate upon remarriage of Lela or the death of Homer.

not of itself terminate the obligations, but it is a ground for modifying the decree so as to end the payments).

We hold that the validity of the Moody's decree of legal separation was not affected by the parties' reconciliations.

Homer also argues that the maintenance provisions of the property settlement agreement, and the decree that incorporates it, should be held invalid because the agreement is unfair and because he entered into the agreement without being advised of his legal rights under the law.

█ █ Whether the terms of a separation agreement are unfair is a legal issue which must be raised on appeal—not in a motion to vacate the decree. *In re Marriage of Tang*, 57 Wn. App. 648, 654, 789 P.2d 118 (1990). *See also In re Marriage of Brown*, 98 Wn.2d 46, 48, 653 P.2d 602 (1982) (errors of law may not be corrected by a motion to vacate); *In re Marriage of Thurston*, 92 Wn. App. 494, 499, 963 P.2d 947 (1998).

The issue of whether the provisions of the decree were unfair when entered is not properly before the court, and we decline to consider it.

When Homer moved for revision of the superior court commissioner's order denying his motion to vacate the decree, he attempted to supplement the record with new evidence offered to support new issues. The superior court judge refused to consider the new issues or evidence, confining review to the record that was before the superior court commissioner.

Homer argues that review on a motion to revise a superior court commissioner's ruling is a de novo review and that the trial judge hearing the motion may conduct whatever proceedings are necessary to resolve the matter, including the resolution of issues not presented to the commissioner.

█ A motion to revise is governed by RCW 2.24.050. That statute provides:

All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. . . .

Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, the orders and judgments shall be and become the orders and judgments of the superior court, and appellate review thereof may be sought in the same fashion as review of like orders and judgments entered by the judge.

In *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 451, 242 P. 969 (1926), this court interpreted the language "revision shall be upon the records of the case," in an essentially identical statute, to mean that an elected superior court judge should review the entire proceeding that was before the commissioner and has a right to order a transcript of the evidence taken. The *Biddinger* court also interpreted "revision" to be the equivalent of "review." *Biddinger*, 137 Wash. at 451. In so holding, this court required the trial court judge to "undertake an appellate court review of the certified record. The supreme court held the superior court to the same standards of review to which it held itself under the statutes then currently in effect." Richard D. Hicks, *The Power, Removal, and Revision of Superior Court Commissioners*, 32 Gonz. L. Rev. 1, 23 (1996-97) (emphasis omitted).

We recognize that the Court of Appeals' opinion in *In re Welfare of Smith*, 8 Wn. App. 285, 505 P.2d 1295 (1973), is somewhat unclear in that it could be interpreted to allow a superior court judge to conduct whatever additional proceedings the judge believed necessary to resolve the case on review. *See, e.g., State v. Charlie*, 62 Wn. App. 729, 732, 815 P.2d 819 (1991); *In re Welfare of McGee*, 36 Wn. App. 660, 662, 679 P.2d 933 (1984); Hicks, *supra*, 32 Gonz. L. Rev. at 42-43. We do not read *Smith* so broadly. The statute limits review to the record of the case and the findings of fact and conclusions of law entered by the court commissioner. RCW 2.24.050. In an appropriate case, the superior court judge may determine that remand to the commissioner for further proceedings is necessary. Generally, a

superior court judge's review of a court commissioner's ruling, pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner. In cases such as this one, where the evidence before the commissioner did not include live testimony, then the superior court judge's review of the record is de novo.

In the present case, the superior court judge correctly refused to consider the new issues and new evidence offered on the motion for revision.[5]

Finally, Homer argues that the superior court and Court of Appeals abused their discretion in awarding fees to Lela under the dissolution statute.

RCW 26.09.140 provides, in pertinent part:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or enforcement or modification proceedings after entry of judgment.
>
> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

Homer argues that RCW 26.09.140 should not apply because the "proceedings in here are not really usual

---

[5]One of the new issues raised in his motion for revision was whether the court had authority to approve his agreement to designate Lela the beneficiary of his federal life insurance policy. Homer argues that the provision of the decree and property settlement agreement requiring him to designate his wife as sole beneficiary of his Federal Employment Group Life Insurance (FEGLI) policy violates federal law and is, therefore, void. Homer's claim is one of federal preemption and alleges an error of law. As noted above, an error of law may properly be challenged on appeal from a judgment or decree, but it is not subject to collateral attack in a CR 60 motion. *In re Marriage of Brown*, 98 Wn.2d 46, 653 P.2d 602 (1982) (question whether trial court had authority to divide military pension was an issue as to whether there was an error of law and, therefore, not subject to collateral attack). Accordingly, we decline to consider this issue.

proceedings for a dissolution of marriage. Instead, they are proceedings to determine the invalidity of a spousal maintenance agreement." Supplemental Br. of Homer Moody at 7. However, a challenge to a decree entered under the dissolution statute is a continuation of the original action brought under RCW 26.09. *In re Marriage of Knight*, 75 Wn. App. 721, 729, 880 P.2d 71 (1994). Fees, therefore, may be awarded under the statute on a motion to vacate. *Knight*, 75 Wn. App. at 729.

The decision to award fees under RCW 26.09.140 is discretionary and must be based upon a consideration that balances the needs of the spouse seeking fees against the ability of the other spouse to pay. *In re Marriage of Terry*, 79 Wn. App. 866, 871, 905 P.2d 935 (1995).

Based on the parties' financial circumstances, as reflected in the record, we hold there was no abuse of discretion in granting Lela attorney fees.

Lela asks that fees be awarded on review to this court as well. RAP 18.1(c) requires that where fees are based on need, an affidavit of financial need be filed and served no later than 10 days before oral argument. In this court Lela relies on an affidavit filed in the Court of Appeals two years before oral argument was heard by this court. This affidavit is not current enough for us to adequately consider present need. Accordingly, attorney fees in this court are denied.

Affirmed.

DURHAM, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.

Reconsideration denied July 2, 1999.