# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JUSTIN BARTLETT, | No.  50408-1-II |
| Respondent, | |
| v. | |
| THOMAS FELLENBERG, | UNPUBLISHED OPINION |
| Appellant, | |
| CHERYL FELLENBERG, and all other occupants of 7821 56th St Ct E, Puyallup, WA 98371 (Space 36), | |
| Defendants. | |

JOHANSON, J.  —  Thomas Fellenberg appeals a superior court judge's denial of Fellenberg's motion to revise a commissioner's ruling in a residential unlawful detainer action. Justin Bartlett brought the unlawful detainer action against Fellenberg and his wife Cheryl Fellenberg.  Fellenberg appears to challenge the superior court judge's decision to deny a motion to continue the hearing on the motion to revise.  We hold that the superior court judge did not err in refusing to consider Fellenberg's motion to revise the commissioner's ruling because Fellenberg failed to timely comply with the local rules.  Accordingly, we affirm.

FACTS

On April 17, 2017, Bartlett filed a complaint for an unlawful detainer (residential) against the Fellenbergs. On April 28, a superior court commissioner issued an order granting Bartlett a writ of restitution.

On May 1, Fellenberg filed a motion to revise the commissioner's decision. Fellenberg noted a hearing before a superior court judge for May 12.

On May 2,[1] Bartlett moved to shorten time to hear the motion to revise. The superior court judge denied the motion to shorten time because Fellenberg needed time to provide the transcript required under PCLR 7(a)(12)(E).[2] "The court also advised . . . Fellenberg that this transcript had to be timely provided to the court and to the non-moving party prior to the [May 12] hearing" or the judge would have no basis for granting the motion to revise the commissioner's ruling. Clerk's Papers (CP) at 128.

On Friday, May 12, the parties appeared before the superior court judge to address Fellenberg's motion to revise the commissioner's ruling. Although the judge acknowledged that Fellenberg had the transcript of the commissioner's hearing with him at the hearing, the judge

---

[1] The record from the May 2 hearing is not part of the appellate record.

[2] PCLR 7(a)(12)(E) provides, "When seeking revision of a ruling of a Court Commissioner which was based upon testimony, such testimony shall be transcribed in accordance with RAP 9.2(e) and (f)." PCLR 7 was amended effective September 2, 2018. Because the amendment did not alter subsection (a)(12)(E), we cite to the current version of PCLR 7(a)(12)(E).

RAP 9.2(f)(3) provides, "The verbatim report of proceedings should be legible, clean and reproducible." RAP 9.2 was amended effective September 1, 2017 and September 1, 2018. Because subsection (f)(3) was not altered, we cite to the current version of the rule.

reminded Fellenberg that he had been directed to provide copies of the transcript *before* the May 12 hearing.

Fellenberg admitted that he had obtained the transcript that Monday. But he asserted that he had not been able to provide the copies of the transcript earlier because he needed to highlight and annotate the transcript for each party and the judge. The judge advised Fellenberg that he should have filed a clean copy with the court as soon as possible and that Bartlett should have been served with his copy in time to review the transcript before May 12.

Fellenberg asked the judge to continue the hearing to allow Bartlett time to review the transcript. Bartlett objected.

The judge refused to continue the hearing and stated that he was going to "find that [Fellenberg] failed to provide the transcript in a timely fashion as required by the Pierce County court rules." Amended Verbatim Report of Proceedings at 18. The judge entered an order denying the motion to revise.

Four days later, Fellenberg moved for reconsideration of the May 12 ruling. In his supporting declaration, Fellenberg stated, for the first time, that he had attempted to copy the transcript on May 9 at the Puyallup library, but he was unable to do so because his wife was present and there was a no-contact order in effect. He further stated that although he returned to the library to make the copies on May 10, he was unable to finish copying the transcript until 2:45 that afternoon. He asserted that this was "already beyond the two day allowance for the Judge to

review." CP at 42. But he did not explain why he did not attempt to file or serve the transcripts after he made the copies on May 10 but before the May 12 hearing date.

Fellenberg filed an amended motion for reconsideration on May 23. The amended motion contained the same factual statements. In addition, Fellenberg asked for additional relief based on matters not previously considered by the commissioner or the judge.

The judge denied the motion for reconsideration, noting that "[b]eing unable to conduct the hearing on the scheduled day would have the effect of granting defendant a continuance of the order staying the Commissioner's order for writ of restitution" and that would "reward[ ] the defendant for his unreasonable failure to comply with court rules." CP at 128. The judge also noted that although Fellenberg had attempted to explain his failure to timely file the transcript, he "offer[ed] no legal basis for the [judge] to reconsider [his] decision." CP at 128.

Fellenberg appeals from the order denying the motion to revise and the order denying the motion for reconsideration.[3]

## ANALYSIS

As an initial matter, we must first address the scope of our review. When a party appeals from an order denying revision of a superior court commissioner's decision, we review only the superior court judge's decision, not the commissioner's decision. *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010) (citing *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999)). Thus, although Fellenberg presents several issues, the only issue we must

---

[3] Bartlett did not file a response. *See* Ruling Precluding Resp't from Oral Arg., *Bartlett v. Fellenberg*, No. 50408-1-II (Wash. Ct. App. July 17, 2018).

address in this appeal is whether the superior court judge erred in refusing to grant Fellenberg's request for a continuance.[4]

We review a court's denial of a motion to continue for abuse of discretion. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). "We will not disturb the [superior] court's decision unless the appellant . . . makes 'a clear showing . . . [that the superior court's] discretion [is] manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Downing*, 151 Wn.2d at 272 (some alterations in original) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). In determining whether to grant or deny a continuance, the superior court may consider several factors, "including surprise, diligence, redundancy, due process, materiality, and the maintenance of orderly procedure." *Downing*, 151 Wn.2d at 273. We find no abuse of discretion here.

Fellenberg argues only that the superior court judge failed to consider Fellenberg's need to make the copies of the transcript at the Puyallup library due to his indigency. Contrary to Fellenberg's claim, nothing in the record suggests that the judge failed to consider the fact that Fellenberg had difficulty making copies of the transcript. The record does, however, show that (1) Fellenberg had copied the transcript by the afternoon of May 10 and (2) Fellenberg offered no explanation as to why he still failed to file the transcript with the superior court or serve Bartlett on the afternoon of May 10 or on May 11. Fellenberg did not explain why he was unable to comply with PCLR 7(a)(12)(E) *after* he made the copies. Because Fellenberg did not explain his inability

---

[4] Fellenberg's other arguments address (1) the merits of his motion for revision, which the superior court judge did not reach, (2) the commissioner's decision and procedural aspects of the commissioner's hearing, (3) Bartlett's credibility, and (4) allegations against Bartlett related to matters that occurred after the commissioner's hearing and were not related to the issue before the commissioner. None of these arguments are properly before us.

No. 50408-1-II

to file the transcript after he had completed copying it, the superior court judge was within his discretion to deny the continuance. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, C.J.

LEE, J.