**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| In the Marriage of:<br><br>SEPPO J. KOSUNEN,<br><br>      Respondent,<br><br> and<br><br>SUSAN M. KOSUNEN,<br><br>      Appellant. | No. 52892-4-II<br><br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — Susan Kosunen appeals the superior court's order denying her motion to vacate a legal separation decree and divorce decree pursuant to CR 60(b). Susan argues that the superior court abused its discretion (1) when concluding that her claims were barred by *In re Marriage of Moody*, 137 Wn.2d 979, 976 P.2d 1240 (1999), and (2) when failing to address her arguments that the separation agreement was either void at its inception or that the separation agreement was rescinded by Seppo Kosunen's failure to observe its terms. Susan[1] also requests attorney fees and costs.

We reverse the superior court's order denying Susan's motion to vacate and remand this matter to the superior court for proceedings consistent with this opinion. We also grant Susan attorney fees and costs on appeal.

FACTS

---

[1] Because the parties share the same last name, we use first names to avoid any confusion.

Susan and Seppo married in 1999. After the first few years of their marriage, Susan stated that Seppo started exhibiting strange behaviors, drinking heavily, and becoming violent. On one occasion, Susan called the police because she feared for her life.

During their marriage, Seppo worked as a pilot and Susan worked as an agent for an airline company. Susan made $16 per hour. Both received retirement benefits in connection with their jobs. Seppo made the mortgage payments on their home but wanted Susan to make all other household payments. Susan's salary did not cover all the expenses, and Susan incurred substantial credit card debt. Susan did not inform Seppo of the debt because she feared his reaction. When Susan did inform Seppo of the debt, Susan stated that Seppo went "ballistic" for days. Clerk's Papers (CP) at 82.

Susan filed for bankruptcy. Seppo decided to get a legal separation to protect their assets from Susan's bankruptcy. Seppo obtained an attorney who drafted the legal documentation, and Seppo took Susan to the attorney's office to sign the papers. The agreement awarded each party their respective retirement benefits accrued through employment as their sole and separate property. The agreement stated that the parties retained community interest in their home and assigned Susan sole responsibility for the debt incurred through the use of credit cards in her name. Susan was not awarded maintenance. Seppo and Susan signed the agreement. Susan stated that she signed the agreement because Seppo told her that he would dissolve the separation after the bankruptcy. Susan also stated that she was not advised to seek independent counsel and was not provided an opportunity to seek independent counsel prior to signing the agreement.

Seppo petitioned for legal separation on October 30, 2008. The superior court entered the legal separation decree and findings of fact and conclusions of law on December 5, 2008. The

2

court incorporated the separation agreement by reference. Seppo, Seppo's attorney, and Susan signed the decree. Seppo never moved to dissolve the decree.

Seppo and Susan continued to live together in their home. An incident occurred in February 2017 in which Susan stated that Seppo was drinking, so she went into her bedroom with their animals and locked the door. Seppo kicked in the door when he realized it was locked. At that time, Susan decided to leave. Susan left with some clothing and a few personal items and never returned to the home.

On March 7, 2017, Seppo moved to convert the legal separation decree into a final divorce decree. It is unclear whether Seppo's motion was contested, but Susan was represented by counsel at this time. The court granted Seppo's motion and converted the separation decree into a dissolution decree on April 4, 2017.

On December 5, 2018, Susan moved to vacate the dissolution decree, legal separation decree, and separation agreement pursuant to CR 60(b). Susan submitted an affidavit in support of her motion to vacate, which contained the facts of Susan and Seppo's relationship as described above. Susan argued that the dissolution decree should be vacated because Seppo committed fraud and overreaching when executing the separation agreement, which was incorporated in the dissolution decree. Susan also argued that the agreement was void at its inception because it was substantively and procedurally unfair, and that the parties rescinded the separation agreement by failing to observe its terms.[2] Last, Susan requested attorney fees and costs.

---

[2] Susan moved to vacate pursuant to only CR 60(b)(4) and (11), which provide for vacation based on fraud and "[a]ny other reason justifying relief." CP at 72. However, Susan also made arguments grounded on CR 60(b)(5), which provides for vacation of void judgments. The superior court acknowledged Susan's failure to specifically cite CR 60(b)(5), but concluded that it was not dispositive.

The superior court denied Susan's motion to vacate the divorce decree, legal separation decree, and separation agreement. The court reasoned that a CR 60 motion to vacate was not the correct avenue of relief under *Moody* because Susan raised only a legal issue of whether the terms of the agreement were unfair, and *Moody* held that such issue must be raised on appeal and not in a motion to vacate. 137 Wn.2d at 991. Therefore, the court concluded that it could not provide Susan relief under CR 60. The court also denied Susan's request for attorney fees and costs.

Susan appeals the court's order denying her motion to vacate.

## DISCUSSION

### I. DENIAL OF CR 60(b) MOTION

#### A. LEGAL PRINCIPLES

A dissolution decree or a legal separation decree is final when entered, subject to the right of appeal. RCW 26.09.150(1). However, property dispositions in a dissolution decree may be modified if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state. RCW 26.09.170(1). CR 60(b), which provides relief from judgments in both civil and criminal cases, is one such law allowing courts to reopen dissolution decrees. *In re Marriage of Thurston*, 92 Wn. App. 494, 498-99, 963 P.2d 947 (1998); *State v. Keller*, 32 Wn. App. 135, 139, 647 P.2d 35 (1982).

Three provisions of CR 60(b) are at issue in this case: CR(b)(4), which allows relief in cases of "[f]raud . . . misrepresentation, or other misconduct of an adverse party;" CR 60(b)(5), which permits relief for void judgments; and CR 60(b)(11), a catchall provision, which recognizes relief from a judgment for "[a]ny other reason justifying relief from the operation of the judgment."

"A trial court's denial of a motion to vacate under CR 60(b) will not be overturned on appeal unless the court manifestly abused its discretion." *Haley v. Highland*, 142 Wn.2d 135, 156,

12 P.3d 119 (2000). We will find an abuse of discretion only if a court "exercised its discretion on untenable grounds or for untenable reasons." *Lindgren v. Lindgren*, 58 Wn. App. 588, 595, 794 P.2d 526 (1990). When a party seeks review of a court's denial of a CR 60(b) motion, our review is limited to the propriety of the denial and not the impropriety of the underlying judgment. *Barr v. MacGugan*, 119 Wn. App. 43, 48 n.2, 78 P.3d 660 (2003). "The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion." *Bjurstrom v. Campbell*, 27 Wn. App. 449, 451, 618 P.2d 533 (1980). A CR 60(b) motion must be made "within a reasonable time" of the judgment, order, or proceeding that the movant seeks to vacate. "A reasonable time is determined by examining the case facts and circumstances; the critical period is the time between when the party becomes aware of the order and when he or she filed the motion to vacate it." *Topliff v. Chicago Ins. Co.*, 130 Wn. App. 301, 305, 122 P.3d 922 (2005). However, a motion to vacate a void judgment pursuant to CR 60(b)(5) may be brought at any time, regardless of the lapse in time. *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994).

B. LACHES

Seppo argues that this court should not review Susan's appeal because her claims are barred by laches. Susan argues that this court should not consider whether her claims are barred by laches because Seppo did not raise this argument below. We agree with Susan, but on a different ground.

Although Seppo did not raise laches as an affirmative defense to Susan's claims in the trial court, Seppo argued that Susan's motion should be denied because it was not brought within a reasonable time under CR 60(b).[3] The failure to act within a reasonable time under CR 60(b) has

---

[3] Seppo does not renew his timeliness argument pursuant to CR 60(b) on appeal.

been equated to the doctrine of laches. *In re Marriage of Maddix*, 41 Wn. App. 248, 252, 703 P.2d 1062 (1985).

Still, we cannot review Seppo's claim. The merits of Seppo's timeliness argument depend largely on factual determinations that must be made by the trial court. However, the trial court did not reach Seppo's timeliness argument under CR 60(b), and therefore did not make any factual findings or legal conclusions on this issue. Because our record is not sufficiently developed for our review, we do not address the merits of Seppo's argument that Susan's claims are barred by laches. It is, however, a matter the trial court should consider on remand.

C. MOTION TO VACATE

The superior court rested its denial of Susan's motion to vacate expressly on *Moody*, which held that "[w]hether the terms of a separation agreement are unfair is a legal issue which must be raised on appeal—not in a motion to vacate the decree." 137 Wn.2d at 991 (citing *In re Marriage of Tang*, 57 Wn. App. 648, 654, 789 P.2d 118 (1990)). The superior court denied Susan's motion in full based on its determination that Susan raised only the legal issue of whether the terms of the decree were unfair, therefore it concluded that "CR 60 is just not an avenue of relief" for Susan under *Moody*. Verbatim Report of Proceedings at 22-23; 137 Wn.2d at 991.

Susan argues that the superior court improperly denied her motion to vacate based on Seppo's fraud and overreaching in the execution of the separation agreement, contending that *Moody* does not control this case.

*Moody* involved a husband's appeal from the superior court's denial of his motion for revision of a commissioner's ruling. 137 Wn.2d at 985-86. Both parties agreed to the entry of a legal separation decree. *Id.* at 984. Four years later, the husband moved to vacate the decree on the basis that the settlement agreement was invalid. *Id.* at 985. Among other arguments, he claimed

6

that it was invalid because he did not have independent legal advice during the execution of the agreement, and he and his wife reconciled for a period after it was signed. *Id*. A court commissioner denied the husband's motion because it was not made within a reasonable time. *Id*. On his motion for revision of the commissioner's ruling, the husband also claimed fraud and illegality. *Id*. The superior court agreed with the commissioner and refused to consider the husband's new fraud and illegality arguments. *Id*. at 985-86.

The husband appealed. *Id*. at 986. Our Supreme Court held that whether the settlement agreement that is incorporated in a legal separation decree was unfair was not properly before the court. *Id*. at 991. The court determined that "[w]hether the *terms* of a separation agreement are unfair is a legal issue which must be raised on appeal—not in a motion to vacate the decree." *Id*. (emphasis added) (citing *Tang*, 57 Wn. App. at 654). However, the court did not take the same approach when addressing reconciliation, fraud, and illegality. The court addressed the merits of the husband's reconciliation argument, holding that the parties' reconciliation did not affect the validity of the legal separation decree. *Id*. at 990-91. The court also held that the superior court correctly refused to consider the husband's fraud and illegality claims because the issues and the evidence supporting the issues were not before the commissioner. *Id*. at 993.

1.     FRAUD AND OVERREACHING

Susan argues that the superior court improperly denied her motion to vacate based on Seppo's fraud and overreaching in the execution of the separation agreement. We agree with Susan and hold that the superior court improperly denied her motion to vacate.

Here, like *Moody*, Susan raised multiple issues, one being the issue of whether the terms of a separation agreement were unfair. Because it is established that challenging the fairness of

terms of the agreement is a matter of law that may be raised only on appeal, the superior court's ruling was correct as it pertains to this issue. *See id*. at 991.

However, Susan also challenged the separation decree and the dissolution decree on the grounds that the separation agreement, which was incorporated in both decrees, was invalid because it was procured through Seppo's fraud, overreaching, and breach of fiduciary duties.[4] The court in *Moody* did not hold that the husband's fraud claim constituted a legal issue that could not be raised in a CR 60(b) motion. *Id*. at 993. This is so because whether a judgment was procured through fraud is not a legal issue that may be raised only on appeal. Rather, a judgment procured through fraud is a recognized ground that justifies relief under CR 60(b)(4). Therefore, we conclude that the superior court improperly concluded that Susan could not raise these claims in a CR 60(b) motion.[5]

2.    THE SUPERIOR COURT'S FAILURE TO ADDRESS SUSAN'S REMAINING ARGUMENTS

Susan also argues that the superior court abused its discretion when it failed to address her arguments that the legal separation agreement was (1) void at inception and (2) rescinded by Seppo's failure to observe its terms. We hold that the superior court abused its discretion when it failed to consider Susan's argument that the separation agreement was void at inception, but the

---

[4] Susan claimed that Seppo committed fraud and breached his fiduciary duty when he failed to disclose the amount of his retirement benefits. She contended that she entered the agreement due to Seppo's insistence that their assets needed to be protected and on the grounds that the legal separation decree incorporating the agreement would be dissolved after bankruptcy. However, Seppo never moved to dissolve the separation decree.

[5] Seppo suggests that this court should affirm the trial court because Susan failed to present "clear, convincing, and cogent evidence" that Seppo committed fraud. But the superior court made no factual findings or legal conclusions on any issue that Susan presented. Furthermore, the merits of Susan's claims depend largely on credibility determinations that must be made by the trial court. *Dalton v. State*, 130 Wn. App. 653, 656, 124 P.3d 305 (2005).

superior court properly refused to consider Susan's argument that the separation agreement was rescinded by Seppo's failure to observe its terms.

a.  VOID AT INCEPTION

Susan also challenged the legal separation decree and dissolution decree on the grounds that the separation agreement, which was incorporated in both decrees, was void at inception because the drafting of the agreement was procedurally unfair.[6] CR 60(b)(5) mandates a court to relieve a party from a final judgment, order, or proceeding if that judgment, order, or proceeding is void. *Persinger v. Persinger*, 188 Wn. App. 606, 609, 355 P.3d 291 (2015). Consequently, whether a judgment is void is not a legal issue and is a recognized ground for relief under CR 60(b)(5). Therefore, we hold that the superior court abused its discretion when it failed to consider whether the agreement was void at inception because CR 60(b)(5) provides relief for void judgments.

b.  FAILURE TO OBSERVE TERMS

Susan further argues that the superior court abused its discretion when it failed to address her argument that Seppo rescinded the separation agreement by failing to observe its terms. Susan contends that their reconciliation invalidated the settlement agreement. As addressed above, *Moody* is clear that reconciliation, standing alone, does not negate the validity of a separation decree. 137 Wn.2d at 990.[7] Moreover, Susan did not base her argument on any recognized ground under CR 60(b) at the trial court level or on appeal. Therefore, we conclude that the superior court

---

[6] Susan argued that the agreement was void because (1) she did not have full knowledge of her rights under the agreement, (2) she did not understand the language in the agreement, (3) she did not have an opportunity to seek counsel before signing the agreement, and (4) she did not have information as to the amounts of Seppo's retirement benefits.

[7] Susan supports her argument by citing to *Mumm v. Mumm*, 63 Wn.2d 349, 387 P.2d 547 (1963), and *In re Marriage of Fox*, 58 Wn. App. 935, 795 P.2d 1170 (1990). Both cases involved a question of whether the parties had rescinded an ante nuptial agreement during marriage by commingling funds. *Mumm*, 63 Wn.2d at 351-52; *Fox*, 58 Wn. App. at 938-39. Susan fails to provide us with any explanation as to whether case law pertaining to ante nuptial agreements also applies to separation agreements, especially in light of *Moody*.

did not abuse its discretion when it failed to address Susan's argument that the agreement was rescinded for failure to observe its terms as an independent ground for relief under CR 60(b), given the manner in which Susan raised this claim.

However, we express no opinion as to whether the parties' reconciliation may be relevant to other claims made by Susan on remand, nor do we prevent the trial court from considering reconciliation as a factor that may be relevant to issues raised on remand.

## II. ATTORNEY FEES

Both parties request attorney fees on appeal. Susan requests fees and costs for time spent at the trial court level and on appeal pursuant to CR 60(b) and RCW 26.09.140. Seppo argues that he should be awarded attorney fees and costs under RAP 18.9(a) because Susan's appeal is frivolous. We deny Susan's request for fees at trial and Seppo's request for fees on appeal, but we grant Susan's request for fees on appeal.

RCW 26.09.140 permits an appellate court to order one party to pay attorney fees and costs to the other party after considering the financial resources of each party and the merit of the issues raised on appeal. *In re Marriage of Fiorito*, 112 Wn. App. 657, 670, 50 P.3d 298 (2002). We may award fees under RCW 26.09.140 only when the requesting party files an affidavit of financial need no later than 10 days before his or her case is considered. RAP 18.1(c).

Susan requests fees and costs for her time spent at the superior court. Susan also made this request to the superior court, and the court denied her request. Susan does not assign error or make any argument regarding the superior court's denial of an award of attorney fees. "'It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error.'" *Emmerson v. Weilep*, 126 Wn. App. 930, 939-40, 110 P.3d 214 (2005) (quoting *Escude ex*

*rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003)). Therefore, we decline to address Susan's request.

Susan also argues that she is entitled to fees on appeal under RCW 26.09.140 and RAP 18.1 because her appeal has merit, she has a need for an award of attorney fees, and Seppo has the ability to pay her fees. Susan has complied with RAP 18.1 by raising issues that have considerable merit, properly requesting fees in her brief, and filing an affidavit of financial need at least 10 days before her case was considered. Therefore, based on her affidavit and because Seppo did not counter with an affidavit demonstrating his inability to pay or challenge Susan's request for fees or affidavit, we grant Susan's request for attorney fees. RAP 18.1(e); *Mansour v. Mansour*, 126 Wn. App. 1, 17, 106 P.3d 768 (2004). The determination of the appropriate amount of attorney fees will be determined by a commissioner of this court. RAP 18.1(f).

Seppo argues that he is entitled to attorney fees and costs on appeal because Susan's appeal is frivolous. An appellate court may award fees for a frivolous appeal. RAP 18.9(a). "[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). We consider the civil appellant's right to appeal an adverse judgment, thus we resolve any doubts about whether an appeal is frivolous in favor of the appellant. *Id*.

Here, Susan's appeal is not frivolous. Susan's argument that the superior court improperly denied her motion to vacate has merit, and Susan provided legal support for her claim. Therefore, we deny Seppo's request for fees under RAP 18.9(a).

CONCLUSION

We hold that the superior court abused its discretion when it denied Susan's motion to vacate because whether a settlement agreement that is incorporated in a legal separation decree and divorce decree was procured through fraud or overreaching or was void at inception are issues that are properly raised under CR 60(b). Thus, we reverse the superior court's order denying Susan's motion to vacate and remand this matter to the superior court for proceedings consistent with this opinion. We also grant Susan's request for attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Maxa, J.

Glasgow, J.