IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SHANNA SIMS,

                  Appellant,

           v.

JESSIE TRUDEAU,

                Respondent.

No. 88866-8-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Shanna Sims appeals a superior court order that denied a petition for a protection order she filed alleging unlawful harassment by her neighbor. Because Sims fails to establish an abuse of discretion or other legal error, we affirm.

I.     BACKGROUND

Shanna Sims filed a petition for a protection order against her neighbor, Jessie Trudeau. Sims alleged that Trudeau unlawfully harassed her by damaging a bush on her property; hanging a tarp above the fenceline separating their adjacent properties; failing to properly inform homeowners that he was running for a position with the Daisy Landing Homeowners Association (HOA); interfering with a survey of her property; and shooting fireworks at her residence. In support of her petition, Sims submitted documents, including a copy of a statement she

submitted to law enforcement, copies of e-mail correspondence with the HOA and other individuals, and photographs.

Trudeau filed a declaration in response, explaining that he and Sims had a strained relationship stemming from a dispute between Sims and other neighbors. Trudeau admitted to hanging a tarp on the fenceline, but stated that he did so after consulting the city planning department and in response to Sims' installation of a camera aimed at his backyard. Trudeau otherwise denied spraying or damaging Sims' plants, shooting fireworks at her house, interfering with a survey, or any impropriety with regard to his election as an officer of the HOA. Sims provided additional briefing and exhibits in reply, including photographs, e-mail messages, and documents related to her interactions with the HOA.

After both parties participated in an evidentiary hearing, a superior court commissioner declined to issue a protection order.[1] The court determined that both parties were credible, but there was "no basis for any type of protection order," and no evidence of an "unlawful course of conduct." The commissioner subsequently denied Sims' motion for reconsideration.

Sims sought revision of the commissioner's order. Upon review of the written materials and underlying pleadings and exhibits and consideration of the parties' oral arguments, the superior court denied the motion.

Sims appeals.[2]

---

[1] Both parties reference the trial court's entry of a protection order against Sims and in Trudeau's favor under a separate cause. Sims' challenges to that order are addressed in a related appeal. See Trudeau v. Sims, No. 88873-1-I (Wash. Ct. App.).

[2] A commissioner of this court allowed Sims' appeal to proceed based on evidence

## II. ANALYSIS

As below, Sims represents herself on appeal. She asserts a violation of her constitutional right to free speech, challenges the court's evaluation of the evidence, and the exclusion of video evidence at the hearing on her petition.[3]

A commissioner's decision denying a protection order is subject to revision by the superior court. RCW 2.24.050. On a motion to revise, the superior court reviews the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). A denial of revision "constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). On appeal, we review the superior court's ruling, not that of the commissioner. Id.

We review a superior court's decision to deny a petition for a protection order for an abuse of discretion. Id. A court abuses its discretion when its decision

---

indicating that she timely initiated the process of filing a notice of appeal in the superior court within 30 days of the order denying revision. See RAP 5.2(a) (requiring that notice of appeal must be filed within 30 days of trial court's decision). Although Trudeau requests that this court consider no additional untimely filings by Sims in this matter, he does not seek to revisit the ruling on timeliness of the notice of appeal.

[3] We "hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). And here, we address each of Sims' claims to the extent she devotes arguments to her assignments of error and the arguments are adequately supported by citations to relevant legal authority and to the record. See RAP 10.3(a)(6) (appellate briefing must include argument in support of assignments of error, together with citations to legal authority and relevant citations to the record).

is manifestly unreasonable, based on untenable grounds or reasons, or reached by applying the wrong legal standard. Id. We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. Snyder v. Haynes, 152 Wn. App. 774, 779, 217 P.3d 787 (2009).

As relevant here, the civil protection order statute provides that "[t]he court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). " 'Unlawful harassment' means . . . [a] knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose." RCW 7.105.010(37)(a). A "[c]ourse of conduct" is "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." RCW 7.105.010(7)(a). And the course of conduct must be such that it would "cause a reasonable person to suffer substantial emotional distress." RCW 7.105.010(37)(a).

A. E-mail Evidence

Sims challenges the court's consideration of her e-mail correspondence with the HOA. Specifically, she claims that Trudeau violated her constitutional right to free speech by submitting such evidence in support of his defense.

Sims' argument reflects a misunderstanding of the constitutional right to free speech. The First and Fourteenth Amendments safeguard the freedom of speech only with respect to state actions that burden speech. See Southcenter Joint

<u>Venture v. Nat'l Democratic Pol'y Comm.</u>, 113 Wn.2d 413, 420, 780 P.2d 1282 (1989); <u>see</u> <u>also</u> U.S. CONST. amend. I & XIV. Sims fails to explain how the consideration of e-mail correspondence, submitted by both parties to substantiate their respective versions of the facts, infringes on her right to communicate with the HOA or her general right to free speech. And Sims does not assert that Trudeau's actions are attributable to the State.[4]

B. <u>Denial of Protection Order</u>

Sims contends the superior court erred in evaluating the evidence and the evidence she presented warranted the entry of a protection order. Sims claims the court ignored "inconsistencies" in the evidence and "false evidence" presented by Trudeau in declining to impose a protection order.

This argument fails for several reasons. First, many of the alleged discrepancies Sims identifies do not specifically relate to the claims of unlawful harassment asserted in Sims' petition. Second, Sims relies on her own selective and subjective interpretation of the evidence and fails to appreciate our deference to the trial court's evaluation of the persuasiveness of the evidence and resolution of conflicting evidence. <u>See</u> <u>Snyder</u>, 152 Wn. App. at 779. Third, Sims appears to misapprehend the basis for the denial of her petition. The court found her to be credible, but concluded she failed to establish unlawful harassment as defined by

---

[4] In reply, Sims acknowledges that Trudeau is a private individual whose actions cannot support a First Amendment claim, but asserts that the judicial officer below is a "government agent" who violated her constitutional rights in allowing the admission of e-mail correspondence. We decline to address this claim as "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

the statute. In other words, the superior court did not deny her petition because it resolved factual conflicts against her. It determined that, as a legal matter, Sims' allegations did not demonstrate a "course of conduct" that was "directed" at her and caused serious alarm, annoyance, harassment, or was detrimental and "would cause a reasonable person to suffer substantial emotional distress."[5] RCW 7.105.010(37)(a). Finally, and most critically, the appellant bears the burden to perfect the record on appeal so that we have complete information and all evidence relevant to the issues raised. See RAP 9.2(b); Yorkston v. Whatcom County, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). In this case, although the court held an evidentiary hearing, Sims did not provide a verbatim report of proceedings. The failure to perfect the appellate record renders us unable to fairly evaluate Sims' claim that the record does not support the superior court's determination that she failed to meet her burden to prove unlawful harassment. Id.

C. Video Evidence

Sims claims the court erred by excluding video evidence at the hearing on her petition and relying instead on still shots included in her written submissions. According to Sims, evidence in the record contradicts Trudeau's statement at the hearing that he had not received the video evidence prior to the hearing.

---

[5] While Sims quotes criminal statutes, relies on criminal cases, and asserts that the trial court should have found Trudeau guilty of crimes, this civil protection order proceeding involved no criminal charges. And nothing in the record indicates that Sims' complaints to state officials resulted in any criminal charges. Accordingly, Sims' assertion that the superior court erred by failing to apply recent United States Supreme Court authority involving the criminal prosecution of threatening speech is misplaced. See Counterman v. Colorado, 600 U.S. 66, 69, 143 S. Ct. 2106 (2023) (holding that where the State criminally prosecutes a defendant for making a threat, it must prove, at a minimum, the defendant made the threat recklessly).

Civil protection order hearings are "special proceedings" during which conflicting civil rules and rules of evidence do not apply. RCW 7.105.200(1), (8). The court has discretion to "evaluate the needs and procedures best suited to individual hearings based on consideration of the totality of the circumstances." RCW 7.105.200(1). When conducting a hearing, the superior court may consider "information provided in the sworn petition, live testimony of the parties should they choose to testify, and any additional sworn declarations." RCW 7.105.200(5). Sims' position that the trial court was required to consider video evidence at the hearing is inconsistent with the statutory provisions that afford substantial discretion to trial courts with respect to evidence and procedures in civil protection order proceedings. Sims otherwise points to no authority suggesting that the court was required to consider video evidence at the hearing.

Contrary to Sims' claim on appeal, the record does not establish that Trudeau had the evidence she wanted the court to consider before the hearing. The proof of service documents Sims relies on indicate only that she sent a flash drive to Trudeau almost two weeks after the July 11, 2024 protection order hearing. The documents do not reveal the content of evidence or establish that it was the same evidence she sought to present at the hearing. And again, while the order denying reconsideration indicates that the video evidence was not considered because (1) Sims failed to bring a device to play the video in court, as required by the applicable court rule, and (2) Trudeau indicated he had not received the evidence in advance, there is no transcript of the hearing in the record. Without a record that includes the parties' arguments and representations to the court at the

7

hearing, we are unable to evaluate the court's exercise of its discretion. <u>See</u> <u>Yorkston</u>, 11 Wn. App. 2d at 824.

III.    <u>CONCLUSION</u>

Sims fails to establish an abuse of discretion or violation of her constitutional rights.

Affirmed.

Díaz, J.

WE CONCUR: