[No. 27897-2-III.   Division Three.   May 11, 2010.]

*In the Matter of the Marriage of* LYDIA D. WILLIAMS, *Respondent*, and JESSE WILLIAMS, *Appellant*.

24

*Lydia Williams*, pro se.
*Ellen M. Hendrick*, for appellant.

¶1 BROWN, J. — Jesse Williams appeals the revision court's denial of his contempt motion concerning alleged parenting plan failures against his former spouse Lydia Williams (now Lydia Goodman). He contends the court erred in combining and considering various contempt counts together, failing to enter written findings of fact and conclusions of law, making various findings, and reducing his visitation time. We find no error and affirm.

## FACTS

¶2 The parties dissolved their marriage in 1997. They have two children, a son who is 19 years old and a daughter

who is 16 years old. A 1999 parenting plan provided the children reside with the mother except every other weekend and Tuesday and Thursday evenings. Major decisions were to be made jointly. Each parent was ordered not to make disparaging remarks about the other in front of the children.

¶3 In March 2004, Mr. Williams moved for contempt, alleging Ms. Williams violated the parenting plan by refusing to make their son available. The court found her in contempt but permitted her to purge the contempt by her keeping Mr. Williams informed of all medical/counseling appointments and school functions, ensuring residential time with Mr. Williams, and participating in family counseling.

¶4 In 2008, Mr. Williams alleged 11 counts of contempt based on the 1999 parenting plan and 2004 contempt order. His allegations include that Ms. Williams withheld the children from Mr. Williams, denied him joint decision making, made disparaging remarks about him, failed to keep him informed regarding the children's appointments and school progress, and refused to participate in family counseling. Ms. Williams declared that her actions were justified based on Mr. Williams' abusive nature and drinking. A superior court commissioner denied the motion, entering an order incorporating his oral findings. Orally, the commissioner found both parents' bad behavior stemmed from mutually bad communication. The commissioner further found noncompliance by the mother may have been justified given Mr. Williams' behavior that invited Ms. Williams' responses. The commissioner was unable to make clear findings because both parties were equally credible. The court ultimately found, "[Ms. Williams] is not in contempt." Clerk's Papers (CP) at 157.

¶5 Mr. Williams unsuccessfully requested revision by a superior court judge. Mr. Williams then requested reconsideration, which the court denied, finding, "[Mr. Williams'] undisputed recent conduct played a significant role in both

parties' non-compliance" and that "[Mr. Williams] failed to satisfy the burden of bad faith non compliance [sic]." CP at 310.

¶6 During the contempt proceedings, Mr. Williams moved to modify the parenting plan. After the court's oral ruling on contempt, the parties' negotiated temporary residential time until a decision was made on the modification motion. The court ordered visitation with Mr. Williams "every Thursday until further Order of the Court, and you will be taking this issue up when you are back in Court on the 27th." Report of Proceedings (RP) at 31. Mr. Williams appealed.

## ANALYSIS

### Combining Contempt Allegations

¶7 The issue is whether the trial court erred in combining Mr. Williams' contempt allegations based on separate incidents.

¶8 On a revision motion, a trial court reviews a commissioner's ruling de novo based on the evidence and issues presented to the commissioner. RCW 26.12.215; RCW 2.24.050; *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's. *In re Estate of Wright*, 147 Wn. App. 674, 680, 196 P.3d 1075 (2008). We review a trial court's decision in a contempt proceeding for an abuse of discretion. *In re Marriage of James*, 79 Wn. App. 436, 440, 903 P.2d 470 (1995). A court abuses its discretion by exercising it on untenable grounds or for untenable reasons. *Id.*

¶9 Preliminarily, Mr. Williams argues the revision judge erred in not entering written findings of fact and conclusions of law. However, that alone does not constitute reversible error or preclude appellate review. *In re Parentage of J.M.K.*, 155 Wn.2d 374, 395, 119 P.3d 840 (2005). A revision denial constitutes an adoption of the commission-

28

er's decision, and the court is not required to enter separate findings and conclusions. *In re Dependency of B.S.S.*, 56 Wn. App. 169, 171, 782 P.2d 1100 (1989). The commissioner's oral findings adopted by the revision court are sufficient for review.

¶10 "It is well within the trial court's discretion to hold that, when an initial petition alleges separate violations of a single court order, the incidents constitute a pattern of conduct that merges into a single finding of contempt when these acts are simultaneously declared to violate the order." *In re Marriage of Eklund*, 143 Wn. App. 207, 213, 177 P.3d 189 (2008). Mr. Williams argues the 11 contempt allegations merit separate review and findings. But the allegations follow a pattern of conduct established by the parties. Based on the parties' history, and the commonality of the allegations, the trial court had tenable grounds to review Mr. Williams' 11 allegations of contempt together. We find no abuse of discretion.

Order Denying Contempt

¶11 The issue is whether the trial court erred in failing to sustain Mr. Williams' contempt allegations. He contends the court incorrectly found his conduct, the mutual incidences of noncompliance, and Ms. Williams' lack of bad faith contributed to a finding of noncontempt. Essentially, Mr. Williams argues the commissioner abused his fact-finding discretion and the revision court should have corrected this error. We disagree.

¶12 A parent seeking a contempt order to compel another parent to comply with a parenting plan must establish the contemnor's bad faith by a preponderance of the evidence. *James*, 79 Wn. App. at 442. In a contempt case the trial court balances competing documentary evidence, resolves conflicts, weighs credibility, and ultimately makes determinations regarding bad faith. *In re Marriage of Rideout*, 150 Wn.2d 337, 350-51, 77 P.3d 1174 (2003). We review the court's findings to determine whether they were supported by substantial evidence in the record. *Id.* at 352.

¶13 The record substantially supports the criticized findings. The parties' tumultuous relationship resulted in a communication breakdown. The commissioner noted he could not make a clear finding of contempt, considering Ms. Williams' declarations suggesting Mr. Williams had invited her alleged contemptuous behavior. On major points, the commissioner found Ms. Williams' "credibility" equal to Mr. Williams' regarding his "behavior." CP at 165-66. The revision court considered major evidentiary conflicts "a wash." RP at 22. When no finding is entered on a material issue, it is a finding against the party having the burden of proof. *Pacesetter Real Estate, Inc. v. Fasules*, 53 Wn. App. 463, 475, 767 P.2d 961 (1989). And, to the extent the commissioner accepted Ms. Williams' declarations, the court was entitled to find her version of the facts to be more credible than Mr. Williams'. "[T]rial judges and court commissioners routinely hear family law matters. In our view, they are better equipped to make credibility determinations." *Rideout*, 150 Wn.2d at 352. In sum, the revision court did not err.

Visitation Reduction

¶14 The issue is whether the trial court erred in ordering Mr. Williams to have time with his children on Thursday evenings. He contends this inappropriately reduced his time without the proper supporting findings.

¶15 After the court's oral contempt ruling, the parties negotiated residential time in light of the children's activities, pending Mr. Williams' motion to modify the parenting plan. The parties agreed to Thursday evening visits. The court ordered visitation "every Thursday until further Order of the Court, and you will be taking this issue up when you are back in Court on the 27th." RP at 31.

¶16 The court's interlocutory order is not appealable as a matter of right under RAP 2.2. Moreover, this issue is likely moot because of changes since the court's temporary order; according to Mr. Williams' brief, the parties' son is now 19

years old and resides with him full time. Additionally, the record is unclear whether a decision has yet been made on the modification request. Accordingly, we decline to address the trial court's interlocutory decision.

## Conclusion

¶17 We find no error in the trial court's order denying revision and its refusal to order contempt. Because Mr. Williams has not prevailed we do not reach his requests for attorney fees and costs on appeal under RCW 26.09.140, RAP 18.1, and RAP 14.1.

¶18 Affirmed.

KULIK, C.J., and KORSMO, J., concur.