FILED
COURT OF APPEALS
DIVISION II

2014 JUN 24 AM 9: 07

STATE OF WASHINGTON
BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

### DIVISION II

IN THE MATTER OF:

T.A.F.

No. 45300-2-II

UNPUBLISHED OPINION

WORSWICK, J. — T.A.F.[1] appeals the superior court's order affirming the commissioner's truancy order, which found that T.A.F. had violated the mandatory school attendance laws, codified at Chapter 28A.225 RCW.[2] T.A.F argues that insufficient evidence supports the truancy order. The State concedes that the superior court erred by ruling that some of T.A.F.'s absences were unexcused, and recommends reversing the truancy order. We accept the State's concession, reverse the superior court's affirmance of the commissioner's truancy order, and remand for dismissal of the truancy petition.

### FACTS

During October through December of 2012, T.A.F. was absent from school on 13 days. Although T.A.F.'s parents provided excuses for 9 of these 13 absences, they did not provide any doctor's notes confirming these excuses.

---

[1] We use initials to protect the minor's identity. General Order 2006-1 of Division II, *In re the Welfare of All Juveniles Found Dependent under Chapter 13.34 RCW* (Wash. Ct. App.), *available at* http://www.courts.wa.gov/appellate_trial_courts/.

[2] This chapter was amended by Laws of 2013, ch. 182, §§ 9-10, ch. 192, § 2; Laws of 2013, 2d Spec. Sess., ch. 18, §§ 510-511; Laws of 2014, ch. 168, § 3. These amendments do not affect the issues in this case.

Based on T.A.F.'s 13 absences, the district filed a truancy petition against T.A.F. A juvenile court commissioner conducted T.A.F.'s truancy hearing. During the hearing, the school's principal testified to T.A.F.'s absences, supported by T.A.F.'s attendance report. The attendance report marked 13 days in which T.A.F. was absent from school for more than half of the school day, and noted when the parents provided an excuse for a particular absence. T.A.F.'s parents provided an excuse for 9 of the 13 absences.

Because the parents did not provide doctor's notes confirming the excuses for any of the 9 absences, the principal marked the 9 absences as unexcused pursuant to policies in the school's handbook that required doctor's notes to confirm excuses. The principal testified that the school's excuse policies were different from and more restrictive than the district's policies, which did not require doctor's notes.

The commissioner found that T.A.F. was absent from school for a majority of the day on the 13 days, concluded that those 13 absences were unexcused, and granted the district's truancy petition by entering an order to attend school (truancy order) against T.A.F. The commissioner's order states:

> [The nine] absences are not considered excused because [the school's] stricter interpretation of [the district's] policy required doctor's notes in these instances and doctor's notes were not provided.

Clerk's Papers at 47.

T.A.F. moved the superior court to revise the commissioner's truancy order. The superior court judge affirmed the commissioner's truancy order without making any findings or conclusions. T.A.F. appeals.

No. 45300-2-II

## DISCUSSION

Where the superior court judge affirms the commissioner's order without entering findings or conclusions of its own, we review the commissioner's findings and conclusions as the superior court's findings and conclusions. *See In re Marriage of Williams*, 156 Wn. App. 22, 27-28, 232 P.3d 573 (2010). We review whether substantial evidence supports the superior court's findings of fact and if so, whether those findings support the superior court's conclusions of law. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007).

### I. BACKGROUND OF MANDATORY SCHOOL ATTENDANCE LAWS

Chapter 28A.225 RCW mandates school attendance. RCW 28A.225.010[3] requires children between the ages of 8 and 18 to attend school, which includes a requirement that they limit their unexcused absences from school. If a child accumulates too many unexcused absences, RCW 28A.225.030 authorizes, and in some cases mandates, the district to file a civil truancy petition with the superior court against the juvenile, the juvenile's parents, or both. If the petition's allegations are established by a preponderance of evidence, RCW 28A.225.035(12) requires the superior court to grant the petition and enter an order assuming jurisdiction to intervene.

The legislature defines "unexcused absence" at RCW 28A.225.020(2), which states that a child has an unexcused absence if he or she:

---

[3] This statute was amended by Laws of 2014, ch. 168, § 3. These amendments do not affect the issues in this case.

(a) Has failed to attend the majority of hours or periods in an average school day or has failed to comply with a more restrictive school district policy; *and*

(b) Has failed to meet the *school district's policy* for excused absences.

(Emphasis added.)

Here, Policy 3122, the district's policy for excused absences, states in part:

The [f]ollowing are valid excuses for absences:
2. Illness, health condition or medical appointment;
3. Family emergency, including but not limited to a death or illness in the family;
The school principal (or designee) has the authority to determine if an absence meets the above criteria for an excused absence.

Exhibit 2. Policy 3122P sets forth the procedure for parents to inform the school of an excuse for their child's absence:

When possible, the parent/guardian is expected to notify the school office on the morning of the absence by phone, e-mail or written note and to provide the excuse for the absence.

Exhibit 3. The district's policies do not require a doctor's note to excuse an absence.

II. T.A.F. DID NOT VIOLATE THE MANDATORY SCHOOL ATTENDANCE LAWS

T.A.F. argues, and the State concedes, that the superior court erred by concluding that he violated the mandatory attendance laws under chapter 28A.225 RCW because chapter 28A.225 RCW excuses any absence that the district's policies excuse, and the district's policies excused the nine absences. We accept the State's concession.

We review conclusions of law and questions of statutory interpretation de novo. *In re Estate of Jones*, 152 Wn.2d 1, 8-9, 93 P.3d 147 (2004). If a statute's language is plain and unambiguous, we derive the statute's meaning from the statutory language itself. *Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 530, 951 P.2d 770 (1998); *In re the Dependency*

*of M.D.*, 110 Wn. App. 524, 534, 42 P.3d 424 (2002). When the words of a statute are clear and unequivocal, we apply the statute as written. *In re Custody of Smith*, 137 Wn.2d 1, 8, 969 P.2d 21 (1998).

A.      *Chapter 28A.225 RCW Excuses Any Absence that the District's Policies Excused*

RCW 28A.225.020(2)(b) states that an absence can qualify as an unexcused absence only if the juvenile "has failed to meet the school district's policy for excused absences." RCW 28A.225.020(2)(b)'s plain language requires the juvenile to fail to comply with *school district policy* before his or her absence is unexcused. RCW 28A.225.020 does not mention individual schools' excuse policies. Thus, chapter 28A.225 RCW excuses all absences that the district's policies excuse, making the juvenile's failure to follow the school's policies irrelevant when ruling on a truancy petition.

B.      *The District's Policies Excused 9 of T.A.F.'s 13 Absences*

Policy 3122 excuses absences for illness and family emergency. Policy 3122P requires a juvenile's parent or guardian to inform the school of the excuse on the day of the juvenile's absence, but does not require a doctor's note.

Here, one of T.A.F.'s parents provided an excuse for 9 of the 13 absences. Thus, the district's policies excused T.A.F.'s 9 absences because the parents informed the school of an excuse for each of the 9 absences on the day of T.A.F.'s absence, and the district's policies do not require doctor's notes.

The district's policies excused 9 of the 13 absences that the superior court found T.A.F. to have, and thus, chapter 28A.225 RCW excuses those 9 absences as well. The remaining 4 absences are fewer than necessary to support the trial court's conclusion that T.A.F. violated the

mandatory school attendance laws. RCW 28A.225.010, .035. Thus, we accept the State's concession, and hold that the superior court erred by concluding that T.A.F. was in violation of the mandatory school attendance laws.[4]

## ATTORNEY FEES

T.A.F. requests statutory attorney fees and costs as the prevailing party on appeal under RAP 18.1 and RAP 14.3. The State argues that we should deny T.A.F.'s request because T.A.F. provided no supporting argument or citation to authority in his opening brief. We grant T.A.F.'s request for statutory attorney fees and costs under only RAP 14.3.

RAP 18.1(a) permits an award of attorney fees and expenses on appeal "[i]f applicable law grants to a party the right to recover" them. "Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710-11 n.4, 952 P.2d 590 (1998). Citation and argument added in the reply brief is untimely, and need not be considered. *St. Joseph Gen. Hosp. v. Dep't of Revenue*, 158 Wn. App. 450, 473, 242 P.3d 897 (2010), *superseded on remand on other grounds, St. Joseph Gen. Hosp. v. Dep't of Revenue*, 165 Wn. App. 23, 267 P.3d 1018 (2011).

We consider only RAP 14.3 because T.A.F.'s opening brief cites only RAP 14.3 to support T.A.F.'s RAP 18.1 request. RAP 14.3 authorizes an award of statutory attorney fees.

---

[4] Pursuant to former RCW 28A.300.046 (2011), the superintendent of public instruction created state-wide definitions of "excused" and "unexcused" absences. WAC 392-400-325. We do not consider the superintendent's definitions for two reasons. First, these definitions were not meant to apply to truancy petitions. *See* former RCW 28A.300.046. Second, applying these definitions would not change the result here because they excuse illness and family emergencies, and do not require doctor's notes. WAC 392-400-325.

No. 45300-2-II

*See* RCW 4.84.080. RAP 14.3 also authorizes an award of reasonable expenses that a party incurs for eight enumerated items. Because T.A.F. is the prevailing party, we grant his RAP 14.3 request for costs and statutory attorney fees, subject to apportionment as provided in RAP 14.2.

We reverse the truancy order and remand to dismiss the petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Hunt, P.J.

_____
Maxa, J.