

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37410-6-III |
| | ) | |
| ASHLEY RUIZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| HIRAM RUIZ, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Ashley Johnson, formerly known as Ashley Ruiz, appeals a contempt order issued as a result of her bad faith failure to abide by the terms of a parenting plan. We affirm.

FACTS

As part of the October 2014 dissolution of the marriage of Ashley Johnson and Hiram Ruiz, a parenting plan was entered for their two minor children. The children were to reside in North Carolina[1] with Ms. Johnson, with visits to Mr. Ruiz in Washington

_____

[1] Ms. Johnson subsequently moved to California with the children.

during the winter and summer vacations. Each parent was given the power to make "decisions regarding the day-to-day care and control of each child while the child is residing with that parent." Clerk's Papers at 4. Each parent also had the power to make decisions concerning emergency healthcare for the children. However, nonemergency healthcare was subject to joint decision-making.

In 2019, Mr. Ruiz alleged Ms. Johnson had repeatedly violated the parenting plan by taking the children to dental appointments without providing notification. Mr. Ruiz expressed a desire to exercise joint decision-making over the children's healthcare and to remotely participate in their appointments. In response to Mr. Ruiz's allegations, Ms. Johnson claimed she likely notified Mr. Ruiz about the dental appointments, but conceded she could have also forgotten.

Ms. Johnson was found in contempt of the parenting plan. A commissioner found Ms. Johnson not only disobeyed the parenting plan by failing to provide notice of dental appointments, but also that she did so in bad faith.

To purge the contempt, over the next six months Ms. Johnson was required to provide Mr. Ruiz with at least 24 hours' notice of any medical appointments she made for their children, and for those appointments to be scheduled to occur no sooner than 72 hours after providing said notice. Mr. Ruiz was awarded attorney fees and costs.

2

No. 37410-6-III
*In re Marriage of Ruiz*

Ms. Johnson appeals the commissioner's contempt order.

ANALYSIS

A court's decision on a contempt motion is reviewed for abuse of discretion. *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). "A court abuses its discretion by exercising it on untenable grounds or for untenable reasons." *Id.*

Ms. Johnson has not shown the commissioner abused any discretion. The commissioner made findings of fact based on the parties' sworn declarations showing Ms. Johnson had repeatedly disobeyed the parenting plan and did so in bad faith. Ms. Johnson has not challenged the commissioner's findings. They are therefore considered verities on appeal. *In re Marriage of Drlik*, 121 Wn. App. 269, 275, 87 P.3d 1192 (2004).

The commissioner's findings warranted the legal conclusion that Ms. Johnson was in contempt. The facts before the court indicated Ms. Johnson had scheduled and taken the children to multiple medical appointments without informing Mr. Ruiz in advance. This violated the parenting plan. The ongoing nature of Ms. Johnson's conduct and lack of communication indicated her actions were taken in bad faith. The contempt order was justified.

3

No. 37410-6-III
*In re Marriage of Ruiz*

CONCLUSION

The order of contempt is affirmed. Mr. Ruiz's request for attorney fees is denied as he has opted not to file a financial declaration as required by RAP 18.1(c).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

4