# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Marriage of:<br><br>OZGUR KAYA,<br>    Respondent,<br><br>    v.<br><br>SVETLANA Y. PARESHNEVA,<br><br>    Appellant. | No. 84782-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Svetlana Pareshneva, representing herself, appeals a domestic violence protection order (DVPO) prohibiting her from having any contact with her ex-husband, Ozgur Kaya, and their 5-year-old son for one year. Finding no abuse of discretion, we affirm.

## FACTS

Pareshneva and Kaya are divorced and have a son. On June 16, 2022, a superior court commissioner granted a temporary DVPO restricting Pareshneva from having any contact with Kaya and their son based on allegations of threats of physical violence. On August 4, 2022, that temporary DVPO expired, and the commissioner denied Kaya's petition to extend it.

On August 5, 2022, one day after the temporary DVPO expired, Pareshneva went to Kaya's workplace to retrieve some personal items and

1

contact their son.  An argument ensued, and Kaya called the police.  While both Kaya and Pareshneva told the police they had been grabbed and scratched, the police did not find any evidence of a physical altercation.

Pareshneva returned to Kaya's workplace later the same day.  While attempting to avoid Pareshneva, Kaya grabbed a door to leave the room. Pareshneva shut the door on Kaya's hand, causing a half-inch cut.  Kaya called the police again.  After speaking with Kaya and seeing his bloody hand, the police determined they had probable cause to arrest Pareshneva for Assault 4 DV.  They arrested Pareshneva at her residence.

Kaya again petitioned the court for a DVPO, and a hearing on the petition was held on September 15, 2022.  After hearing testimony from both parties, a commissioner found Kaya's version of the events that occurred on August 5, 2022 to be credible and determined that Pareshneva posed a threat to the physical safety of Kaya because "as soon as the protection order ended, she was right back in front of the petitioner being aggressive and creating problems."  The commissioner therefore granted Kaya's petition and entered a DVPO prohibiting Pareshneva from having any contact with Kaya and their son for one year.

Pareshneva filed a motion to revise the DVPO.  The superior court "adopt[ed] the Commissioner's findings and rulings as its own" and denied the motion to revise without a hearing.

## ANALYSIS

When reviewing an order on revision, we review the superior court's decision, not the commissioner's.  *In re Marriage of Williams*, 156 Wn. App. 22,

- 2 -

27, 232 P.3d 573 (2010). We review a superior court's grant of a DVPO for abuse of discretion, and we find an abuse of discretion "when a trial judge's decision is exercised on untenable grounds or for untenable reasons, or if its decision was reached by applying the wrong legal standard." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). We find no abuse of discretion and reject Pareshneva's arguments as follows.

Pareshneva argues that "[t]he allegations . . . in the Petition for a Domestic Violence[] Protection Order do not fall within the definition of Domestic Violence pursuant to RCW 26.50.010(3)." Because RCW 26.50.010(3) was repealed in 2021, we look to the current definition of "domestic violence," which is found in RCW 7.105.010(9)(b). That provision defines "domestic violence" as follows:

> Physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking of one family or household member by another family or household member.

The same definition applies if the individuals are intimate partners rather than family or household members. RCW 7.105.010(9)(a).

The allegations and evidence here fall squarely within the statutory definition of "domestic violence." Kaya testified in the trial court that Pareshneva forced her way into Kaya's workplace on August 5, 2022 and refused to leave when asked, ultimately leading to physical injuries to Kaya's hand. A responding police officer's report of the incident corroborates this testimony. The report states: "I observed [Kaya's] knuckles on his right hand and there was a half inch cut, that had recently dried blood on it." The police report also concluded that

there was probable cause that Pareshneva committed Assault 4 DV and arrested Pareshneva on that basis. Such evidence satisfies the definition of "domestic violence," which includes "[p]hysical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault." RCW 7.105.010(9)(a)-(b). While Pareshneva disputes the evidence, the trial court found Kaya's testimony to be credible and we defer to the trial court on issues of conflicting evidence, witness credibility, and the persuasiveness of evidence. *Thompson v. Hanson*, 142 Wn. App. 53, 60, 174 P.3d 120 (2007).

Next, Pareshneva argues that the commissioner improperly ignored the fact that Kaya's previous DVPO expired and another commissioner denied Kaya's petition to extend it. Contrary to Pareshneva's assertion, the commissioner expressly considered the prior rulings and explained at the September 15, 2022 hearing that "the last court might not have seen the full picture, this Court is seeing a full picture . . . ." The commissioner did not ignore the previous rulings; the commissioner instead found that relief was warranted based on the "full picture," which included the events that occurred on August 5, 2022, *after* the previous DVPO expired. The superior court judge, in turn, "adopt[ed] the Commissioner's findings and rulings as its own."

Lastly**,** both Kaya and Pareshneva seek attorney fees and costs on appeal. The trial court here awarded attorney fees in favor of Kaya. "If attorney fees are allowable at trial, the prevailing party may recover fees on appeal." *Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1).

Because Kaya has likewise prevailed on appeal, we grant his request for attorney fees and costs subject to compliance with RAP 18.1.

We affirm.

_Feldman, J._

WE CONCUR:

_Díaz, J._

_Chung, J._