# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KATIE DALE,<br><br>                    Respondent,<br><br>            v.<br><br>DONALD CAIN III,<br><br>                    Appellant. | No. 85376-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Donald Cain III appeals a domestic violence protection order (DVPO) protecting Katie Dale, their shared son (ND), and Dale's daughter for one year. Because the facts of this case are known to the parties, we do not repeat them here except as relevant to the arguments below. Cain argues that the trial court's decision to issue the DVPO was not supported by substantial evidence. Finding no error, we affirm.

After a court commissioner issued the DVPO, Cain filed a motion for revision. The motion was denied, and the trial court "adopt[ed] the findings made by the Commissioner on the record . . . and in the written orders." *Id*. at 318-19. "When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *Williams v. Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

1

We review a trial court's decision to grant a DVPO for abuse of discretion. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). "An abuse of discretion is found when a trial judge's decision is exercised on untenable grounds or for untenable reasons, or if its decision was reached by applying the wrong legal standard." *Id*. "We review challenges to a trial court's factual findings for substantial evidence." *In re Marriage of Fahey*, 164 Wn. App. 42, 55, 262 P.3d 128 (2011). "Substantial evidence exists if the record contains evidence of a sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *Id.*

This is a deferential standard of review, and it thus requires that we "'view the evidence and reasonable inferences in the light most favorable to the party who prevailed below'"—in this case, Dale. *Garza v. Perry*, 25 Wn. App. 2d 433, 453, 523 P.3d 822 (2023) (quoting *State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 14, 436 P.3d 857 (2019)). We likewise defer to the trial court's determinations regarding "the persuasiveness of the evidence, witness credibility, and conflicting testimony." *In re the Matter of the Vulnerable Adult Pet. For Knight*, 178 Wn. App. 929, 937, 317 P.3d 1068 (2014).

Under RCW 7.105.225(1)(a), a trial court must issue a DVPO if it finds by a preponderance of the evidence that "the petitioner has been subjected to domestic violence by the respondent." Domestic violence includes "unlawful harassment . . . of one intimate partner by another intimate partner." RCW 7.105.010(9)(a). Unlawful harassment is defined, in relevant part, as

> [a] knowing and willful course of conduct directed at a specific person
> that seriously alarms, annoys, harasses, or is detrimental to such

person, and that serves no legitimate or lawful purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

RCW 7.105.010(36)(a). Two people are intimate partners if they "have a child in common regardless of whether they have been married or have lived together at any time." RCW 7.105.010(20)(c). It is undisputed that Cain and Dale are intimate partners as they are the parents of ND.

Here, there is substantial evidence that Cain committed domestic violence against Dale by unlawfully harassing her. In her DVPO petition, Dale attached numerous text messages and emails from Cain that were demeaning and at times threatening. Cain called Dale a "coward," a "toxic leach [sic]," and an "idiot." The record also shows that Cain threatened to report Dale to CPS and law enforcement based on unsupported allegations that her children required a welfare check. Cain did so twice and, each time, the officers who responded to the scene found that Dale's children did not require assistance and advised her that she had grounds to petition for a protection order. This evidence is enough to persuade a fair-minded, rational person that Cain knowingly and willfully engaged in an annoying, harassing, or detrimental course of conduct directed at Dale that served no legitimate or lawful purpose, as required by RCW 7.105.010(36)(a).

There is also sufficient evidence to persuade a fair-minded, rational person that Cain's conduct caused substantial emotional distress to Dale. Dale attached a declaration to her DVPO petition in which she stated:

> After every video chat he has with [ND], the kids and I are always on edge because I don't know if the police will show up at my home; when the police arrive, it is traumatic and scary for me and the children. Even if the police aren't called, I know that [Cain] will soon

blow up my phone with text messages from him where he calls me foul names such as "idiot" or "pathetic" because he is angry at me or trying to bully me to do what he wants during his video chats with [ND].

Thus, substantial evidence also supports the statutory requirement that the unlawful course of conduct "must actually cause substantial emotional distress to the petitioner." RCW 7.105.010(36)(a). Viewing the evidence in the light most favorable to Dale, substantial evidence supports the trial court's finding that Dale was subjected to domestic violence by Cain.

The trial court's DVPO also properly included ND and Dale's daughter as well as Dale. Our protection order statutes explicitly allow a parent to petition for a DVPO on behalf of family or household members who are minors, and the trial court has broad discretion to "[r]estrain the respondent from making any attempts to have contact, including nonphysical contact, with the petitioner *or the petitioner's family or household members who are minors* or other members of the petitioner's household, either directly, indirectly, or through third parties regardless of whether those third parties know of the order." RCW 7.105.310(1)(b) (emphasis added).

Cain's contrary arguments lack merit. Cain argues that the trial court erred by focusing more on the particular language he used in his communications than on the purpose behind those communications, which he claims was to "lodg[e] legitimate objections to Dale's parenting." But Dale presented evidence that Cain sent her a message threatening to call every doctor within 50 miles of her and thereby "embarrass you" if she did not provide him with information about ND's doctor by a certain time. The trial court appropriately found that the threat to embarrass Dale exceeded any legitimate concern regarding childcare. As the trial

court also stated, if Cain experienced issues with the parenting plan regarding ND "sending harassing messages to others or to Ms. Dale is not the appropriate or correct way to respond to that." The trial court did not abuse its discretion.

Cain also argues that "[t]he trial court . . . erred in finding evidence of unlawful harassment from Cain's communications with Dale's family members." The precise nature of this argument is unclear. Cain's briefing focuses largely on Cain's communications with Dale's father, but the DVPO does not extend to Dale's father. If Cain's argument, instead, is that harassing communications with Dale's father is legally and factually irrelevant in determining whether Cain unlawfully harassed Dale, we need not decide that issue because Cain's communications with Dale, as recounted above, are more than sufficient to find that substantial evidence supports the trial court's findings.

Lastly, Dale requests attorney fees and costs on appeal. Because she was properly awarded attorney fees at trial, and she prevails on appeal, we grant Dale's request for appellate fees and costs, subject to compliance with RAP 18.1. *See Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1) ("If attorney fees are allowable at trial, the prevailing party may recover fees on appeal").

Affirmed.

Feldman, J.

WE CONCUR:

Chung, J.

Birmingham, J.