FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JUN 11 AM 10: 58

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 77253-8-I |
| | ) | |
| JAMES ALAN CLARK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| WENDY KRISTINE CLARK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: June 11, 2018 |
| | ) | |

MANN, J. — James Clark appeals the superior court's denial of his motion to revise the income calculations and order adjusting child support entered by a family court commissioner. We affirm and award Wendy Clark reasonable attorney fees and costs on appeal.

## FACTS

James and Wendy Clark[1] married in May 2000 and divorced in May 2011. Their agreed parenting plan provided equal residential time with their children, who were 8 and 6 years old at the time of dissolution. Other agreed orders required James to pay $1,700 per month in child support and $900 per month for maintenance.

---

[1] Because the parties have the same last name, we refer to the parties by their first name. We intend no disrespect.

In 2012, James moved to adjust child support based on child care expenses he incurred during his half of the parties' residential time. The court denied the motion, stating in part that a "motion for adjustment does not allow consideration of a residential credit, as a petition to modify would."

Two months later, James filed a petition to modify child support. The court denied that petition as well, ruling that James failed to demonstrate a substantial change in circumstances. The court awarded Wendy attorney fees and costs.

In 2014, James again petitioned to modify child support. He again requested a deviation from the standard calculation for expenses incurred during residential time. The court found "no legal basis . . . either in incomes or circumstances to warrant the inclusion of a residential credit deviation where none exists now." The court declined to award fees, but warned that "should [James] seek a residential credit in the future without sufficient legal basis to do so, the court will award [Wendy] fees as requested." James did not appeal these rulings.

On June 9, 2017, James filed a petition to change the 2011 agreed parenting plan. Characterizing the proposed change as a "minor change," he sought an increase in his residential time and a downward deviation in child support from $1781 to $800. In an attached motion for a temporary order, James described his proposed modification as a college savings plan:

> Both of our children, Emma and Bryce, have expressed their desire to attend the University of Washington in Seattle at a current cost of over $26,000 per year. Due to our combined incomes . . . , they will be ineligible for nearly all types of financial aid. As a result, funding for their education needs to begin immediately to ensure adequate financial resources are available to them. . . .

> I have proposed a college savings plan . . . that will set aside approximately $225,000 for their education over the next 12 years. This is to help ensure that they can graduate without student loans and a crushing amount of debt to start their adult lives. In order to free up the necessary financial resources, a minor modification per RCW 26.09.260(5)(a) is required to the residential schedule with an appropriate adjustment to the child support order. This will increase my monthly financial support to the children and decrease the monthly transfer payment to Respondent.
>
> . . .
>
> Respondent will not save and provide for the children's post-secondary educational needs. I need to be able to do so and ask the Court's consent to make the necessary parenting plan and child support modifications for the best interest of the children per RCW 26.10.100.[2]

In an attached declaration, James reiterated his college savings plan, but also proposed "recalculation of child support either as a fixed amount ($800 per month), full residential credit ($344.95 per month), or anywhere in between." The declaration also stated:

> Approving the Petitioner's residential schedule change in the Parenting Plan along with full residential credit would enable Petitioner to fully save for Emma and Bryce's UW college tuition and 100% pay it off all expected expenses by Bryce's 23rd birthday.

Wendy moved to dismiss James's petition, arguing that he failed to demonstrate the substantial change in circumstances required for a major modification of the parenting plan. She also moved to adjust child support, noting it had been 2 years since the last support order and their son was now in a different age bracket.

At the hearing on the petitions, James argued that if the court granted a downward deviation, Wendy could still meet her monthly budget and he would have funds to set aside for the children's college expenses. He argued that denying a deviation would put "student loans and debt onto the children that they don't need to

---

2 (Italics omitted.)

-3-

incur . . . and that's why I'm fighting for this because. . . it really is in their financial best interest that a [college] savings account get established." James did not mention a residential credit at the hearing.

In denying James's petition, the court commissioner noted that James had petitioned to modify the parenting plan, not child support, and that the only matter before the court regarding child support was Wendy's petition for an adjustment. The commissioner added:

> I have to say this is one of [the] most cynical groups of paperwork I have ever seen. Your . . . attempt to address adequate cause for a parenting plan is feeble and you make it absolutely clear this is about money and nothing else except money. I am denying adequate cause [to modify the parenting plan].

The commissioner then took up Wendy's petition to adjust child support. When James mentioned a deviation, the court reiterated that there was no petition to modify support before the court and that an adjustment was limited to changing the support numbers based on income. The court also pointed out that James's college savings plan was premature since the children were 12 and 14 and "[p]ost majority support is not before me. I'm not entering any orders on post majority support." The commissioner then granted Wendy's motion to adjust support and awarded her $3,530 in attorney fees.

On July 24, 2017, James moved to revise the commissioner's rulings on child support and attorney fees. He repeated the claims he made before the commissioner, but expressly stated he was not seeking a deviation based on a residential credit:

> While Commissioner Gaer was clearly unhappy that I was attempting to fund a College Savings Plan for the children using some of the savings from a child support deviation, the fact is that I continue to fund the child support transfer payment through increasing debt every month. I tried to

explain to Commissioner Gaer that my household has significantly larger involuntary household expenses due to a second mortgage, car payment, student loans, and a third mortgage payment for my 80 year old mother's home among other expenses I pay for her. I am funding Respondent's monthly $1,307.45 surplus by debt and the new $2,054.54 child support payment is completely unsustainable.

. . .

I did not bring this motion to the court under the same issue and argument as 7/21/14. I am not seeking residential credit. I had hoped to convince the Court that a downward deviation would help fund the children's Post-Secondary Education / College Savings Plan even though I would continue to incur substantial debt to make mandatory contributions per a new support order.

In a supporting declaration, James stated:

Petitioner is requesting a downward deviation be granted per the following:

RCW 26.19.075(1)(C): Debt and high expenses. The court may deviate from the standard calculation after consideration of the following expenses:

(i) Extraordinary debt not voluntarily incurred;
(ii) A significant disparity in the living costs of the parents due to conditions beyond their control;

On August 1, 2017, the superior court denied James's motion for revision and awarded Wendy $1,880 in additional attorney fees.

On August 15, 2017, James filed a notice of appeal from the commissioner's earlier ruling, but not from the superior court's ruling on revision.

## ANALYSIS

### *Standard of Review*

"When an appeal is taken from an order denying revision of a . . . commissioner's decision, we review the superior court's decision, not the commissioner's." In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010); State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). We review child support orders, including rulings

on requests for deviation from the standard calculation, for abuse of discretion. In re Marriage of Bell, 101 Wn. App. 366, 370-72, 4 P.3d 849 (2000).

## Notice of Appeal

James filed a notice of appeal within 30 days of both the commissioner's and the superior court's decisions. The notice, however, only designated the commissioner's ruling for review. Wendy contends this omission requires us to dismiss the appeal because James did not appeal the final order of the superior court. We disagree. Because the notice of appeal was timely as to both decisions, and because we liberally interpret our rules to facilitate decisions on the merits and will disregard defects in the form of a notice when intent to seek review is clear, we reject Wendy's contention and include the superior court's revision decision in our review. RAP 1.2(a); RAP 5.3(f).

## Deviation Based on Shared Residential Schedule

James's principal argument on appeal is that he was entitled to a deviation from the standard child support calculation based on his and Wendy's shared residential schedule. Wendy contends this argument is raised for the first time on appeal and should not be considered. We agree.

Except in circumstances not applicable here, this court generally does not address issues raised for the first time on appeal. RAP 2.5(a); In re Marriage of Wallace, 111 Wn. App. 697, 705, 45 P.3d 1131 (2002). For essentially the same reasons, this court does not consider issues that were abandoned during the proceedings being reviewed. See Foster v. Gilliam, 165 Wn. App. 33, 49, 268 P.3d 945 (2011) (because appellant pleaded and then abandoned argument during proceedings being reviewed, he could not "raise it now for the first time on appeal. RAP 2.5(a)");

Green v. Normandy Park, 137 Wn. App. 665, 688, 151 P.3d 1038 (2007) (appellant could not obtain appellate review of issue abandoned during trial proceedings). As noted above, our review is of the superior court's decision on revision, not the commissioner's decision. It is undisputed that James told the revision court he was not seeking a deviation based on a residential credit. Thus, even assuming James sought such a deviation before the commissioner, he affirmatively abandoned that argument on revision and cannot raise it now.[3]

Furthermore, despite filing a reply brief, James does not dispute Wendy's argument on appeal that he abandoned the residential credit issue below. Instead, he challenges the 2014 commissioner's ruling that threatened sanctions if he raised the residential credit argument again in the future "without a sufficient legal basis to do so." That ruling, which did not bar James from raising a residential credit argument below, is not before us in this appeal.

### Child Support Calculation

James also challenges the commissioner's child support calculations. He contends Wendy's total FICA and federal income tax withholdings should have been $448.78, not $938.91. But Wendy notes, and James does not dispute, that James's calculations on appeal are based on documents that were first presented to the superior court on revision. Because a superior court's review on revision "is limited to the

---

[3] To the extent James contends review of this issue is warranted by proposed changes to the child support statutes in House Bill 1603, Wendy points out, and James does not dispute, that "[t]he language in the original proposed bill that James relies on . . . was removed from the substitute bill that is now pending in the legislature."

evidence and issues presented to the commissioner," In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999), James's argument fails.

James next contends the superior court erred when it did not consider his health savings account contributions in calculating his net income. Citing RCW 26.19.080(2), he argues that these expenses must be credited as extraordinary health care expenses when they amount to more than 5 percent of the basic support obligation. But as Wendy points out, James's argument is based on a former version of RCW 26.19.080(2). See Goodell v. Goodell, 130 Wn. App. 381, 393, 122 P.3d 929 (2005). The version of the statute in effect during the proceedings below no longer distinguished between ordinary and extraordinary expenses where the latter exceeded 5 percent of the support obligation. Instead, the current statue simply states that "health care costs shall be shared by the parent in the same proportion as the basic child support obligation." RCW 26.19.080(2). James's contention also fails because it is based, in part, on evidence that was not before the commissioner and, therefore, could not be considered on revision.

Last, James claims the court erred when it deviated upward from the standard calculation without entering the requisite findings and conclusions. Although the court ordered a standard calculation transfer payment of $2,054, James claims the court effectively deviated upward because his child related expenses associated with his 50 percent residential time must be added to his support calculation. He cites no authority for this proposition, however, and RCW 26.19.075 makes it clear that such expenses are not included in the standard calculation. Rather, they may be considered by the court only in exercising its discretion on a requested deviation from the standard

calculation. The court did not deviate from the standard calculation. James's argument fails.[4]

<em><u>Fees on Appeal</u></em>

Citing RCW 26.09.140 and RAP 18.1 and 18.9(a), Wendy requests an award of attorney fees on appeal. She contends fees are warranted given her financial need and the frivolous issues raised by James on appeal. We agree and award Wendy reasonable attorney fees and costs on appeal, the amount to be determined by a commissioner of this court under RAP 18.1(f).

Affirmed.

_____

WE CONCUR:

_____          _____

_____

<hr>

[4] Although James does not argue that the court failed to enter sufficient findings to support its <u>denial</u> of a deviation, we note the commissioner found that his requested "[d]ownward deviation for post-secondary support is untimely due to age of children."