

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 41069-2-III |
| | ) | |
| THOMAS CHARLES HARDING ROE, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| LAURA JEAN PETTITT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Laura Pettitt appeals a superior court judge's order denying her motion to revise a court commissioner's ruling that found her in contempt. She primarily argues that substantial evidence does not support the judge's order. We disagree with this and other arguments she raises on appeal. We award Thomas Roe his reasonable attorney fees on appeal.

No. 41069-2-III
*Marr. of Roe and Pettitt*

FACTS

The facts of this dispute are known to the parties and need not be stated at length. Thomas Roe brought a motion for contempt after Laura Pettitt took the parties' daughter to Hawaii three days before her scheduled vacation. A court commissioner granted Thomas's[1] motion. The commissioner found:

- Laura violated section 9 of the parenting plan by failing to give notice of her intended vacation by March 1, 2024.

- Laura violated section 14 of the parenting plan by giving notice of her revised vacation dates one hour before she left with the parties' daughter, took the wrong travel dates, failed to provide the destination where she was staying, and failed to provide emergency contact information.

- Laura violated section 8a of the parenting plan by taking the parties' daughter on an early vacation, which deprived Thomas of two residential days, which included a planned family holiday gathering.

- Laura violated section 14 of the parenting plan by not responding to Thomas's December 12, 2024, message sent through Our Family Wizard until December 18, 2024, and her response was only partial.

---

[1] We now refer to the parties by their first names. No disrespect is intended.

Separately, the court commissioner found:

> [Laura] failed to provide her vacation dates in a timely manner as required under the Final Parenting [Plan]. When dates were provided on May 20, 2024, [she] selected the week of December 13-20, 2024 as one of her vacation weeks. Dates were confirmed by counsel for both parties. [Laura] then took a different block of time with last minute notice.
>
> [Laura] further failed to provide the required destination and emergency contact information where the child could be reached in the event of an emergency. [Her] failure to follow her selected vacation dates interfered with [Thomas]'s residential time with the parties' child, including a scheduled family holiday event, as well as a parent conference at the child's school.

Clerk's Papers (CP) at 112-13.

The court commissioner also found that Laura had acted in bad faith, adding in its written order:

> The Parenting Plan is detailed and clear. [Laura]'s timing, lack of information on destination and contact where the child could be reached shows a clear unwillingness to follow the [Parenting Plan]. Her failure to follow the Parenting Plan . . . is prima facia [sic] evidence of bad faith. There is a clear pattern of contempt in this action where [Laura] does not follow the court orders.

CP at 113.

The court commissioner deferred a ruling on Thomas's request for attorney fees and costs so he could submit a fee declaration. Laura moved to revise the commissioner's ruling.

3

The superior court judge reviewed the record, including additional briefing and a transcript of the commissioner's hearing. In its order denying revision, the judge determined "that the rulings and findings of the Commissioner were supported by the record before the court and accurately note multiple violations of the Parenting Plan." CP at 187. The judge also struck several pages of Laura's revision motion, concluding that "[t]hose portions of the motion provide a new summary of [Laura]'s positions and new argument which were not before the court commission[er] at the time of the original contempt hearing." CP at 188. The judge provided an additional basis for striking several pages, noting that they "far exceeded the 12-page limit under PCLR[2] 7." CP at 188. The judge awarded Thomas $750 for reasonable attorney fees and $280 for the costs of transcribing the court commissioner's hearing.

Laura appeals the superior court judge's order to this court.

## ANALYSIS

A.    REVIEW OF CONTEMPT ORDERS AND CHALLENGED FINDINGS

"An attempt by a parent . . . to refuse to perform the duties provided in the parenting plan . . . shall be deemed bad faith and shall be punished by the court by holding the party in contempt of court." RCW 26.09.160(1). We review contempt orders

---

[2] Pierce County Local Rule.

for an abuse of discretion. *Dep't of Ecology v. Tiger Oil Corp.*, 166 Wn. App. 720, 768, 271 P.3d 331 (2012). A trial court abuses its discretion by exercising it on untenable grounds or for untenable reasons. *In re Marriage of James*, 79 Wn. App. 436, 440, 903 P.2d 470 (1995). The trial court must make a specific finding of bad faith or intentional misconduct as a predicate for its contempt judgment. *Id.* The findings of fact must also set forth the basis for the judgment of contempt. *Id.*

We review challenged findings of fact for substantial evidence. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). When doing so, we view the evidence and all reasonable inferences in the light most favorable to the respondent. *In re Marriage of Zigler*, 154 Wn. App. 803, 812, 226 P.3d 202 (2010).

B.    CHALLENGED VIOLATIONS OF THE PARENTING PLAN

As noted previously, Laura argues that the superior court judge's contempt findings are not supported by substantial evidence. We examine each challenged finding separately.

1.    *Notice of vacation schedule (section 9 of parenting plan)*

Laura argues that the delay in providing her proposed vacation dates was caused by Thomas's failure to submit compliant vacation dates and her desire to let him pick his vacation dates first to minimize conflict. She also argues that Thomas agreed to extend

her deadline to provide him with her vacation dates to May 20. We disagree with both arguments.

First, the plain language of the parenting plan requires each parent to submit their proposed vacation dates by March 1. It does not allow either parent to unilaterally delay their proposed date submission to allow the other parent to propose their vacations first.

Second, the purported agreement to extend Laura's deadline to May 20 is a letter from Thomas stating his intention to move for contempt or to arbitrate if Laura failed to provide her proposed vacation dates by May 20. This letter does not constitute an agreement to extend the deadline.

Here, Thomas established that Laura failed to submit her proposed vacation dates by March 1, the deadline required by the parenting plan. This refusal is deemed bad faith under RCW 26.09.160(1). Laura failed to provide evidence establishing a legitimate reason for noncompliance. We conclude that the superior court judge did not abuse its discretion in finding Laura in contempt on this issue.

2.      *Violation of vacation notification (section 14 of parenting plan)*

Laura requested the dates December 13 through 20 for her vacation with the parties' daughter. On December 9, the day before they left for Hawaii, Thomas indicated he believed that Laura's vacation would start the next week, not the next day. At no time

on or before December 9 did Laura notify Thomas that she intended to begin her vacation with the parties' daughter on December 10. Thomas thus made a prima facie case that Laura intentionally violated the vacation provisions in the parenting plan.

The burden then shifted to Laura to establish a legitimate reason for noncompliance. She argues that she told Thomas that her vacation would be seven days long and he could pick up their daughter on December 16. This message, provided one hour before the plane departed to Hawaii, does not satisfy the notification provisions. Laura claims she may have inadvertently conflated the dates of her other vacation, August 9-16, with the dates of her December vacation. The superior court judge was not persuaded that this established a legitimate reason for her not complying with the previously proposed dates. We see no abuse of discretion. We conclude that the court did not abuse its discretion in finding Laura in contempt on this issue.

3.      *Vacation notification information (section 14 of parenting plan)*

The parenting plan required Laura to provide Thomas with "travel information, to include flight information (if any), destination, and contact information where the child can be reached in the event of an emergency." CP at 23-24. Laura argues that she provided Thomas this information when she told him that she was flying into the Honolulu airport and that her mother would be the emergency contact. We disagree.

7

Laura provided the flight destination information but this is insufficient to establish the destination requirement. Although the airport destination may provide a general location where Laura intended to be, it is not the same as the destination itself.

Laura also argues that Thomas failed to present a prima facie case that she failed to provide adequate emergency contact information. It is undisputed that Laura provided her mother's contact information as the emergency contact. There is no evidence in the record to show whether Laura was staying with her mother during her Hawaii vacation. Laura argues that this lack of evidence requires a finding that Thomas failed to establish a prima facie case. We are unpersuaded.

Where a fact is peculiarly within the knowledge of a party, it is that party's burden to produce evidence of it. *McFarland v. Tompkins*, 34 Wn. App. 2d 280, 318, 567 P.3d 1128 (2025). Here, whether the parties' daughter was staying with Laura's mother is a fact peculiarly within Laura's knowledge. Regardless, even if the superior court judge erred in this respect—and it did not—the error would be harmless because of our conclusion that Laura failed to provide her destination information to Thomas.

4. *Residential time (section 8a of the parenting plan)*

Laura deprived Thomas of his residential time with the parties' daughter on December 11, 12, and 13, 2024. This time included Thomas's planned family gathering. The fact that Laura later returned their daughter to Thomas early might mitigate this violation but it certainly does not negate it.

5. *Communication between parents (section 14 of parenting plan)*

The parenting plan required Laura to check messages in Our Family Wizard every 72 hours. The record contains one clear instance of Laura failing to log into Our Family Wizard for roughly 84 hours. There is no evidence explaining this gap, and thus no evidence that Laura rebutted this prima facie violation. We conclude that the superior court did not abuse its discretion in finding Laura in contempt for this violation.

C.     RESERVED RULINGS

Laura contends that the superior court judge erred by reserving its ruling whether to issue a civil penalty of $250 instead of $100 under RCW 26.09.160(3)(c) and (2)(b)(iii) respectively. She also contends that it should not have reserved the issue of Thomas's request for costs due to his missed work. She fails to cite any authority indicating that the judge was precluded from reserving these issues. Such failure permits

a reviewing court to conclude that the argument lacks merit. *Lodis v. Corbis Holdings*, *Inc.*, 172 Wn. App. 835, 862, 292 P.3d 779 (2013). We so conclude.

D.     MOTION FOR REVISION

Laura argues the superior court judge erred by failing to conduct a de novo review of the court commissioner's ruling. We disagree.

The acts and proceedings of court commissioners are subject to revision by the superior court. RCW 2.24.050. "Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." *Id.* The revising judge reviews the law and evidence de novo. *In re Marriage of Lyle*, 199 Wn. App. 629, 632, 398 P.3d 1225 (2017). Should the judge disagree with the commissioner's disposition, the judge may issue its own independent factual findings and legal conclusions. *Id.* at 632-33. A revision denial constitutes an adoption of the commissioner's decision and the judge is not required to enter separate findings and conclusions. *In re Marriage of Williams*, 156 Wn. App. 22, 27-28, 232 P.3d 573 (2010).

Here, there is nothing to suggest that the superior court misunderstood its role. Simply because it agreed with the court commissioner's findings and rulings does not mean it gave the commissioner's order any deference.

10

E.     NEW ARGUMENTS

Laura argues the superior court judge erred by striking portions of her revision motion. As noted previously, the judge struck substantial portions both because it believed that some arguments were not raised to the court commissioner and because her motion far exceeded the local rule's 12-page limit.[3]

Generally, a superior court judge's review of a court commissioner's ruling on a motion to revise is limited to the evidence and issues presented to the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). It is sometimes difficult to discern between a new issue and a clearer argument, and only the first is improper. With this said, we see no abuse of discretion in the trial court's decision to enforce its local rule limiting a motion to revise to 12 pages. Significantly, Laura had submitted a lengthy declaration[4] to the court commissioner with numerous explanations for her conduct. By limiting a motion to revise to 12 pages, the local rule forces a party to put forth their best arguments.

---

[3] Laura's motion to revise was 22 pages.

[4] The declaration consisted of 20 pages plus 8 exhibits.

Here, the superior court judge reviewed the declarations supporting and opposing

contempt, and the transcript of the court commissioner's hearing. It was fully advised of

the relevant facts and law. To the extent it struck only new issues from the motion to

revise, this was not error. *Moody*, 137 Wn.2d at 992-93. To the extent it struck clearer

argument from the motion to revise, there was no prejudice; the arguments made to the

commissioner were uncomplicated and needed no clarification.

F.     ATTORNEY FEES AND COURT COSTS ON REVISION

Laura argues the superior court judge erred in awarding Thomas $750 in attorney

fees and $280 in court costs. She argues that Thomas requested only $500 in fees

incurred in his motion to strike and he did not request $280 for the cost of transcribing

the court commissioner's hearing. Thomas responds that the $500 he requested did not

include fees to prepare the order denying revision and that applicable law makes recovery

of reasonable attorney fees and court costs mandatory when prevailing on a contempt

motion. We agree with Thomas.

"The dictates in RCW 26.09.160 are mandatory; the trial court, after finding a

party in contempt, must order that party to pay reasonable attorney fees and all court

costs." *In re Parentage of Schroeder*, 106 Wn. App. 343, 353, 22 P.3d 1280 (2001).

Further, RCW 7.21.030(3) authorizes a trial court to "order a person found in contempt of

court to pay a party for . . . any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." For these reasons, the superior court judge did not abuse its discretion in awarding Thomas the $500 he requested for moving to strike portions of Laura's argument nor did it abuse its discretion in awarding additional reasonable fees for preparing the order denying revision and for the cost of transcribing the court commissioner's hearing.

Laura argues in reply that the judge's award should be reversed because Thomas failed to submit a fee declaration justifying the time expended and the hourly rate charged. We decline to consider this argument raised for the first time on review. RAP 2.5(a). Had Thomas raised this argument below, the trial court could have corrected its "error," and Thomas could have requested additional reasonable attorney fees by submitting a declaration supporting those fees. Rather than remand and increase both parties' attorney fees, we simply deem the claim of error waived.

G.    ATTORNEY FEES ON APPEAL

Thomas devotes a section of his brief to a request for reasonable attorney fees on appeal. He cites RCW 26.09.160(1) and decisional authority that authorizes such an

award if he prevails in this contempt appeal. Subject to Thomas's compliance with RAP 18.1(d), we grant his request.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Cooney, A.C.J.

Hill, J.